WHITING *against* STEVENS.

Whiting
*v.*
Stevens.

A deed of lands owned in fee, by a married woman, who is a native citizen, executed jointly by her and her husband, an alien, is valid, and effectual to pass the title.

This was an action of ejectment, for an undivided fourth part of a piece of land in *New-Haven*.

The cause was tried at *New-Haven, January* term, 1821, before *Bristol*, J.

On the 8th of *February*, 1794, *Hannah Langmuir*, the wife of *Alexander Langmuir*, died ; and on the day of her death, she, with her husband, executed a deed of the premises to *William J. Cooledge*. On the 10th of the same month, *Cooledge*, by deed, purporting to be " for divers good causes and considerations," conveyed the premises to the said *Alexander Langmuir*. It was admitted, that *Hannah Langmuir* was seised of the premises, at the delivery of the deed to *Cooledge* ; and that her title descended to the plaintiff, as her heir at law, if it did not pass by that deed. The plaintiff offered evidence to prove, and claimed that he had proved, that *Alexander Langmuir*, at the date of the deed in question, was an alien. He also claimed, that such deed was intended as a testamentary disposition of the property embraced within it, for the use and benefit of *Alexander Langmuir*; or that it was given in trust, that *Cooledge* should convey the property to him ; and that it was without any other cause or consideration. The plaintiff, therefore, requested the judge to instruct the jury, that if they should find either of these facts proved, the deed was invalid. The judge did not so instruct the jury ; and they returned a verdict for the defendant. The plaintiff moved for a new trial.

*Staples* and *Wales*, in support of the motion, contended, 1. That the conveyance to *Coolidge* and from him to *Alexander Langmuir*, was to be taken as one transaction, and was in the nature of a testamentary disposition from *Hannah Langmuir* to her alien husband ; which, of course, was void, for want of capacity in him to take.

2. That if this transaction could not be considered as a testamentary disposition, yet the deed to *Coolidge* was in trust for *Alexander Langmuir*, and was virtually a deed to him, and therefore void. These two points, however, were not much insisted on

3. That the deed to *Coolidge*, taken by itself, was void, for want of capacity in the grantors. *Hannah Langmuir*, alone, could not convey ; and no act of her husband could strengthen hers, for he had no right in the estate. Although by the common law, an alien may *purchase* lands, yet by the express provision of our statute, he is rendered incapable " *of purchasing or holding.*" (*a*) An alien husband cannot be tenant by the curtesey ; nor is an alien wife entitled to dower. There was in this case no *subject matter*, for the act of the husband to operate upon. The conveyance stands on the same footing as though he had not attempted to join.

4. That the conveyance was void, under our statute to prevent alienations of real estate, by persons ousted of possessions. (*b*)

*Daggett* and *N. Smith*, contra, remarked, in the first place, That the plaintiff had proved no fact, nor had he introduced any testimony, tending to prove, that the deed to *Coolidge* was a trust in him for the use and benefit of *Alexander Langmuir* ; or that it was intended as a testamentary disposition. They then contended,

2. That if such testimony had been introduced, it could not have availed the plaintiff, as it would not have defeated the deed. *Reeve's Dom. Rel.* 114. *Com. Dig. tit.* Baron and Feme. G. 1. *Beckwith's* case, 2 *Co. Rep.* 57.

3. That *Hannah Langmuir*, being seised in fee of the land, and a native citizen, could, with her husband, make a valid conveyance. If he had any interest in the land, he could convey it. If he had none, she had the whole ; and she wanted nothing from him, to enable her to convey the whole, but his *consent*, manifested in the mode prescribed by the statute. (*c*) The statute requisites having been complied with, the conveyance is, *vigore statuti*, valid.

4. That an alien may purchase and hold land against any one but the state. *Sheaffe* v. *O'Neil*, 1 *Mass. Rep.* 256. *Fairfax's* devisee v. *Hunter's* lessee, 7 *Cranch* 603. 2 *Black. Comm.* 293.

HOSMER, Ch. J. in stating the case, remarked, that although it did not explicitly appear on the motion, yet from the course

---

(*a*) Stat. 301. *s.* 5. (*b*) Stat. 303. *s.* 12. (*c*) Stat. 304. *s.* 14.

*New-Haven.*
July,
1821.

Whiting
*v.*
Stevens.

of argument pursued, he should take it for granted, that the condition of *Langmuir*, at the time of receiving his deed from *Coolidge*, remained the same as it was, when the deed to *Coolidge* was executed. He then gave his opinion as follows.

It admits of no doubt, under our law concerning the alienation of real property, by a married woman, (d) that a deed, duly executed by her jointly with her husband, is competent to convey all the estate of which she is seised. Without his consent, evinced by his uniting with her in the deed, she cannot convey any part of her lands; but with it, she has a legal capacity in respect of the property granted; while his execution of the deed transfers all the title which appertains to him. Whether he is a native citizen, and has an estate of freehold, or is an alien, having merely an usufructuary right, can make no difference as to the effect of their joint deed. The assent of the husband, testified by his joining in the deed, gives his wife a legal capacity of transmitting her property; and, it is on this principle, that her deed is effectual for that purpose. If he is an alien, incapable of acquiring a right in the lands of his wife, by the act of marriage, he, by his deed, conveys no part of the title; but uniting with her, she is not the less competent to convey the estate; and, if he has no legal title, to convey the whole of it.

The supposition, that the deed to *Coolidge* was intended as a testamentary disposition, for the benefit of *Alexander Langmuir*, is too unfounded to require observation. There are no facts presented, evincive of such an intention; and this is decisive.

As little reason is there for the assertion, that the deed of conveyance to *Coolidge* was in trust for the benefit of *Alexander Langmuir*, or, if such were the fact, for pronouncing it invalid. There is no trust *expressed* in the deed; nor can any be *implied* from the nature of the transaction. But, if the conveyance had been expressly on the trust supposed, the legal estate would have vested in *Coolidge*; and the trust, at least, might be enforced, on the naturalization of *Langmuir*. *Jackson* d. *Culverhouse* v. *Beach*, 1 *Johns. Ca.* 399. In all events, the title would have been conveyed to *Coolidge*; and this is fatal to the plaintiff's claim.

To express an opinion on the other points argued in this case, is entirely unnecessary. Sufficient is it, that the plaintiff has no title. Whether *Alexander Langmuir* obtained

(d) Stat. 304. s. 14.

one, by the deed of *Coolidge*, or was inhibited from purchasing, by the statute concerning aliens, it is unnecessary to determine.

The other Judges were of the same opinion.

New trial not to be granted.