# COUNTY OF PISCATAQUIS.

---

TIMOTHY EATON *versus* EDWARD NASON & *al.*

Although the recent statutes, relating to the rights of married women, neither authorize them, nor recognize their right, to *mortgage* their real estate, yet it was manifestly not the intention of the Legislature thereby to restrict them in the exercise of that right, which existed at common law.

And where the wife, the husband joining with her in the deed, conveyed her estate in mortgage to secure a debt of her husband, the mortgage was held to be valid.

ON FACTS AGREED.

WRIT OF ENTRY, for possession of a lot of land in Orneville. The plaintiff claims to recover on a deed of mortgage to him, by "Betsey J. Lord, wife of Gershom Lord, in her right, and said Gershom Lord," of the premises demanded,

made and recorded on the 16th day of March, 1853, to secure the payment of four notes due to the plaintiff from said Gershom Lord, of even date with the deed. The premises were purchased by said Betsey in the year 1847, with money which she had prior to July, 1842, when she married the said Gershom. The title was never in the husband. After the mortgage was given, the wife sold and conveyed the premises to one Coburn, through whom the defendants claim title.

The case was argued by

*Blake & Garnsey,* for the plaintiff, and by

*Everett,* for the defendants.

The opinion of the Court was drawn up by

MAY, J.—That a deed of conveyance, executed by husband and wife, for the purpose of conveying her interest in real estate, when made in conformity to the requirements of law, and, without fraud, is effectual to pass her title to such estate, has been too long and well settled, both at law and in equity, to be now questioned. This mode of conveying the wife's interest in lands has been recognized, not only in early provincial legislation, but in the statutes of this and other States, and its validity, in ordinary cases, is not denied by the learned counsel in defence. *Fowler* v. *Shearer,* 7 Mass., 14; *Shaw* v. *Russ,* 14 Maine, 432. In this country, it seems to have sprung up out of the English practice for the husband and wife to convey her freehold estates by fine and common recovery.

. It is now insisted, however, that a mortgage of the wife's estate, in which her husband has duly joined, is invalid, especially where the purpose or condition of the mortgage is to secure the debt of the husband. We find no such distinction in the law, nor in the long and uniform usage which has prevailed in regard to such conveyances. All the different kinds of deeds evidently fall within the usage and are justified by it. In the case of *Swan* v. *Wiswall & ux.,* 15 Pick., 126, SHAW, C. J., when speaking of the wife's estate, says, that

"by immemorial usage in this Commonwealth, she could join with her husband in conveying or mortgaging it." The same usage has always prevailed in this State. *Rangely* v. *Spring*, 21 Maine, 130; *Mills* v. *Darling*, 43 Maine, 565; *Roach & ux.* v. *Randall*, 45 Maine, 438, are cases in which such an usage is disclosed, and where mortgages of the wife's estate, executed in accordance with it, have been treated as valid, and in most instances, if not in all, without objection. The husband, by joining with her, gives efficacy to her act. *Whiting* v. *Stevens*, 4 Conn., 44.

Nor does it make any difference, that the debt secured by the mortgage was the debt of the husband. In the cases just cited from our own Reports, the mortgages were given for the purpose of securing such debts. It is sufficient if the debt mentioned in the condition is a valid debt. It is true that the wife may be presumed to be more or less under the influence of her husband. Hence, in some of the States, she is required by statute to be examined, apart from her husband, by the magistrate who takes her acknowledgment of any deed, as to the circumstances and the freeness of her act in the execution of it. But, in this State, we have no such statute. If the deed is properly executed and acknowledged, it will, by our law, be presumed to have been obtained not only freely, but fairly; and when so obtained, without fraud or any undue influence, no reason is perceived why a *feme covert* may not mortgage her estate to secure the debts of her husband, as well as those of a stranger, or the performance of any other condition. Such mortgages will be upheld. 1 Hilliard on Mort., 272; *Damarest* v. *Wynkoop*, 3 Johns. Ch. R., 144.

It is further urged, that our recent statutes, touching the rights of married women, neither confer nor recognize the right of a wife to mortgage her estates. This may be true. But the right existed at common law, long before the passage of the statutes referred to, and it was manifestly their object not to restrict, but to enlarge her rights in regard to the disposition and management of her separate property. They

cannot have the effect contended for without doing judicial violence to the manifest intention of the Legislature.

The mortgage, on which the plaintiff declares, is found upon inspection to be sufficiently formal to pass the estate of Betsey J. Lord in the premises; and her subsequent conveyance to the defendants, therefore, conveyed only her right of redemption. The plaintiff, therefore, is entitled to judgment as on mortgage.                               *Defendants defaulted.*

TENNEY, C. J., and RICE, APPLETON, CUTTING, and KENT, JJ., concurred.