## MORRIS *v.* PALMER.

Whenever it is necessary, for the safety of a wife, to enter a complaint against her husband for a breach of the peace, the legal costs of the proceedings may be recovered of him by action.

Where a wife applied to an attorney, who made out a complaint against her husband for a breach of the peace, which was signed and sworn to by her, and such proceedings were had thereon that the husband was, in default of bail, committed to the jail of the county—*Held*, that the husband was liable to the attorney for such charges as would be good against complainants in ordinary cases, and upon the ground that the services were necessaries furnished to the wife for her protection.

ASSUMPSIT, brought to recover $21.83, the amount of the account annexed to the plaintiff's writ. The items in the account accrued on proceedings upon complaint made by the defendant's wife against him for breach of the peace. The plaintiff offered evidence tending to prove that the defendant's wife called on him for legal advice, and in pursuance thereof he rendered the services and made the advances stated in the account. It also appeared on the trial that in consequence of said complaint a war-

rant was duly issued, the defendant arrested, tried, and by the magistrate ordered to recognize for his good behavior until the next term of the Supreme Judicial Court, within and for said county, and to pay the costs of prosecution, and in default thereof was committed to the jail, where he remained in confinement until, upon his own application, he was discharged by said court from his imprisonment, without payment of said costs; and that payment of said costs has been refused by the court.

The court, however, ruled that a husband is not liable for legal advice and services so rendered, or fees so advanced for the wife, without his concurrence; and thereupon a judgment was rendered for the defendant, to which the plaintiff excepted.

*Morris*, for the plaintiff, contended: 1. That the wife was compelled by the abuse and cruelty of her husband to exhibit articles of the peace against him, or to abandon her home and family. 2. That the expense incurred was necessary for the protection and safety of the wife, raising an implied promise on the part of the husband to pay the same; and he cited 3 Camp. 326; *Rumney* v. *Keyes*, 7 N. H. 571; 2 Kent's Com. 130, 131; *Bolton* v. *Prentice*, 2 Strange 1214.

*Blaisdell,* (with whom was *Duncan,*) for the defendant.

1. The defendant was discharged from his liability for costs of prosecution and commitment, when he was discharged by the court from imprisonment. He was discharged by order of the court, without payment of the costs, and thereby the obligation to pay was transferred from him to the county, and should have been paid accordingly.

2. By the order of the magistrate that the respondent recognize for his good behavior, pay costs of prosecution, and stand committed until the order should be complied

with, the State or the county assumed the obligation to detain him until he had complied therewith in each particular. By discharging him without payment, the court imposed upon the county the obligation to make the payment from which it had discharged him.

3. The husband is legally bound to provide his wife with necessaries, such as meat, drink, clothes, medicine, &c., suitable to her situation, and his condition in life ; and to pay debts contracted by her for them during cohabitation, or after separation caused by his fault and without suitable provision for her. This is the extent of the power of the wife to charge the husband. He is not chargeable for anything beyond necessaries, except where his assent may be presumed from the circumstances of the case. Bac. Ab., Baron and Feme, (H) ; 1 Salk. 110 ; 2 Lord Raym. 1006 ; 1 Black. Com. 442 ; 2 Kent Com. 146.

EASTMAN, J. By the Revised Statutes, chapter 222, section 21, it is provided that all legal costs attending the arrest, examination or conveyance of any offender, shall be paid by the complainant, unless the same is directed by the counsel for the State, or allowed by the court of Common Pleas. *State* v. *Stearns*, 21 N. H. 108.

The proceedings against the defendant were not ordered by the attorney-general, or by the solicitor for the county, and the court refused to pay the costs. The plaintiff's fees, then, so far as the charges were legal, would have been a good claim against any ordinary complainant in a criminal proceeding. The county did not become liable for these costs by the action of the court in discharging the defendant from imprisonment. His arrest and commitment was no act of theirs, and they did not assume the payment of the costs that had been made by his being received at the jail by the order of the magistrate. He was discharged at the first term of the court ; and to hold

the county liable under such circumstances, would, in a great measure, defeat the statute by which complainants are required to pay such preliminary costs; since a commitment would, in all cases, relieve the complainant from paying them. This liability, which is imposed by the statute upon complainants, is a salutary check upon indiscreet and hasty proceedings, and we should regret to find ourselves obliged to impair its force by a judicial decision.

But the case presents the question whether a husband, against whom a complaint is made by the wife for a breach of the peace, is liable for such costs. If a husband abandons his wife, or if they separate by consent, without any provision for her support, or if he sends her away, or by his improper conduct compels her to leave his house, he is liable for her necessaries, and he sends credit with her to that extent. *Allen & als.* v. *Aldrich*, 29 N. H. 63; *Walker* v. *Laighton*, 21 N. H. 111; *Hancock* v. *Merrick*, 10 Cush. 41; *Frost* v. *Willis*, 13 Vt. 202; *Montague* v. *Benedict*, 3 B. & Cr. 631; *Clement* v. *Mattison*, 3 Richard. 93; *Fredd* v. *Eves*, 4 Harring. 385; *Evans* v. *Fisher*, 5 Gilman 569; 2 Kent's Com. 148. When a husband compels his wife to leave his house, the law, from the necessity of the case, makes him chargeable for those things which are necessary for her support. He is bound to provide her with necessaries, when she is not in fault, from a principle of duty and justice. In case of personal violence committed by the husband upon the wife, she may make a complaint against him for a breach of the peace, and be a witness to sustain the complaint. 2 Kent's Com. 179; *Sedgwick* v. *Walkins*, 1 Ves. Jr., 49; *Turner* v. *Rookes*, 10 Ad. & El. 47. This is allowed, *ex necessitate*, for the personal safety of the wife.

It appears to us that these principles carried out must make the husband liable for the necessary costs incurred in a prosecution against him upon complaint of the wife for a breach of the peace. It is as important that her

person be protected from brutal outrage and violence, as that her necessary food and clothing should be supplied. Both are for her preservation, and her husband should be as much bound to fulfill her contracts in the one case as in the other. The case of violence, however, would seem to be one of the greater necessity.

By the statute, the complainant is liable for the costs in the first instance, unless the prosecution is ordered by the counsel for the State. The counsel for the State seldom if ever interfere to order a complaint for a breach of the peace, and no one is required to make out such a complaint, on which a warrant issues, without compensation. A married woman can make no contract binding upon her husband, without his assent, except for necessaries; and unless her employment of some person to draw a complaint shall be held to fall within the legal import of that term, she may be remediless against any outrage by him. The proceeding is for her protection, and, as she may have no property of her own, she can have no redress unless she is able to pledge her husband's credit.

We find in the English Reports several decisions which sustain these views. It is there held that whenever it is necessary for the safety of the wife to exhibit articles of the peace against the husband, the costs may be recovered against him by action. *Williams* v. *Fowler*, McL. & Y. 269; *Shepherd* v. *McCoul*, 3 Camp. 326; *Turner* v. *Rookes*, 10 Ad. & El. 47. And in a recent case it was decided by the Queen's Bench that the costs of a proctor employed by a wife in the ecclesiastical court, to prosecute a suit against her husband for a divorce on the ground of cruelty, may be recovered against the husband as a necessary, if it appears that there were reasonable grounds for instituting such a suit. *Brown* v. *Ackroyd*, 34 E. L. & E. 214. Lord *Campbell*, Chief Justice, said, that under such circumstances (those of cruelty) the suit for divorce would be necessary and fit for the wife's protection: that it was

just as much a necessary as the costs of exhibiting articles of the peace against her husband : that the same principle applies in both cases, although the facts which would entitle her to exhibit articles of the peace would not necessarily entitle her to sue for a divorce. *Crompton*, J., in the same case, says, that the law allows a wife to apply for protection, by exhibiting articles of the peace against her husband, where she has a well founded belief of violence on his part; that such a proceeding is said to be a necessary.

The case before us does not require the court to go to the extent of the rule laid down in *Brown* v. *Ackroyd*. Under our statutes fixing the causes and prescribing the proceedings for divorce, it has not been the practice of the court to allow costs, as such, to either party, except partially in some instances by interlocutory orders. If the wife is the libelant, and prevails, her expenses are usually considered in awarding her alimony.

In *Johnson* v. *Williams*, 3 Iowa 97, it was held that the husband is not liable for the fees of an attorney employed by the wife to prosecute a divorce ; and such, we infer from decisions in Massachusetts and Vermont, upon questions of costs in divorce cases, would probably be the holding of the courts in those States. *Coffin* v. *Dunham*, 8 Cush. 404 ; *Wing* v. *Hurlburt*, 15 Vt. 604.

There would seem to be an essential distinction between an application to the court for protection against personal violence, and applying for a divorce, even though it should be upon the ground of cruelty. The former might be quite necessary for personal security, and by it all that should be needful in that respect would be obtained. It would not in such a case be necessary to resort to an application for a divorce for protection, for security would already have been effected by the criminal proceedings.

So far as making the husband liable for costs on complaints by the wife for a breach of the peace, the English

cases cited are all in point, and decided, that he should be held chargeable ; and we think that the rule to that extent should be adopted here.   The husband may commit such outrages upon his wife's person, or, by his threats and violent conduct, place her in such personal peril, that assistance and protection shall become her most pressing necessity ; and it would be extraordinary if the same just principle which allows her in such a case to supply her wants at the cost of her husband, should stop short of allowing her legal aid, under similar circumstances, at his expense.

We therefore think that the ruling of the court below was wrong, and that the plaintiff is entitled to recover for all such charges as would be good against complainants in ordinary cases.   The judgment of the court below must consequently be set aside and the cause stand for trial.