## EATON *v.* GEORGE.

A married woman contracted alone for the purchase of real estate. The seller executed to her a warrantee deed of the land, describing her as the wife of J. George. The habendum was "to her own use and behoof forever," and not in the language of the statute, "to her sole and separate use, free from the interference and control of her husband." The wife at the same time made a mortgage of the land to one who advanced a part of the purchase money, in her own name alone, without

joining her husband. The mortgage was assigned to the plaintiff, who brings his bill to foreclose it.—*Held*, that the mortgage is void at common law, and is not saved by any statute.

If it were held that, by avoiding the mortgage, the deed of the seller would be avoided, as a part of the same transaction, it would not aid the plaintiff, who is not an assignee of the seller.

Whether the party who advanced the money could claim a resulting trust in such a case, *quære?*

IN EQUITY. The bill was brought by John G. Eaton against James George and his wife Nancy George, and set forth that on the 5th day of May, 1856, said Nancy George applied to J. Kennard to lend her $1000, who consented, and loaned her the money, and she conveyed to him a tract of land in Hooksett, bounded, &c., to secure the payment of her note for that sum, and interest annually, on demand; that this money was by her paid as part of the purchase money of the same land, which was conveyed to her on payment of it; that in May, 1857, Kennard indorsed and assigned this note and mortgage to the plaintiff; that no part of the note has been paid, and the plaintiff has applied to her to pay or release, but she has refused to do either, pretending the mortgage is void; that the premises were not conveyed to her in her own right, and she had no power to convey the same without her husband, and that she knew, when she made the deed, that it was good for nothing, and could not be enforced; but the contrary is charged to be true.

The bill prays an answer under oath, an account of what is due, for a decree of foreclosure, and for general relief.

The joint answer of the defendants admits that Kennard loaned Nancy $910, and no more, about May 6, 1856, and she gave him therefor her note for $1000 and interest; that this money she paid to H. Mace, with her note for $290, and Mace, in consideration of it, conveyed to her the premises described in the bill, " to hold to her and her heirs to her own use and behoof forever." And she

executed to Kennard the mortgage described in the bill, and another mortgage to Mace to secure her note to him of $290 ; denies that Kennard loaned her $1000, but only $910 ; that the note was given for any thing but said $910, or that the mortgage was made to secure any thing but said $910 ; admits the indorsement of the note, and assignment of the mortgage by Kennard to the plaintiff; avers that said Nancy, at the making of said mortgage, and still was and is the wife of said James; denies that the note or mortgage is binding by reason of said coverture, said James not having joined in making them ; denies that the mortgage is the deed of them, or either of them ; protests that the plaintiff is not entitled to recover of them, or either of them, the note, or any part of it; and says that before the making of it, it was corruptly agreed between Kennard, who is still living, and Nancy, that Kennard should loan her $910, to be repaid in six months, and should receive, beside lawful interest, $90, and said Nancy should give her note for $1000 ; that in pursuance, &c., Kennard lent her $910, and reserved $90 over and above the lawful interest, by the note which he accepted ; that the note was discredited when indorsed, and the $90 and interest reserved by the note exceed six per cent, and the answer prays a deduction from the amount found due on the note, of three times said $90, and claims the same benefit as if pleaded.

The answer also avers that on the 25th of May, 1857, the plaintiff sued out of the Supreme Judicial Court for the county of Merrimack, a writ in his favor against them, returnable August term, 1857, in which he demanded possession of said premises, alleging a seizin in fee and in mortgage, which writ was returned and entered at said court ; the defendants appeared and pleaded, and the plaintiff demurred to their pleas, and the defendants recovered against him costs of suit by the consideration of said court.

A replication was filed and evidence taken. It appeared the judgment stated in the answer was on nonsuit, and not on demurrer. The evidence is referred to in the opinion, so far as it is deemed material.

*Morrison & Stanley*, for the plaintiff.

*Clark & Smith*, for the defendants.

BELL, C. J. At common law the deed of a married woman was ordinarily void, and not merely voidable. 1 Bl. Com. 293 ; Shep. Touch. 205, 232 ; *Ela* v. *Card*, 2 N. H. 175 ; *Mathews* v. *Puffer*, 19 N. H. 448.

By usage here, the land of a wife may be conveyed by the deed of the husband and wife. " In order to make a valid conveyance of her estate, a husband and wife must so far join as to convey at the same time, on the same paper, and both in language suitable to pass the title to real estate." *Elliot* v. *Sleeper*, 2 N. H. 525 ; *Gordon* v. *Haywood*, 2 N. H. 402 ; *Flagg* v. *Bean*, 25 N. H. 62. Unless the husband joins in the conveyance of the wife's land, made by her, the principle of the common law remains in force, subject to some exceptions of recent introduction by statute. 2 N. H. 175, 402, 525; 19 N. H. 448 ; 25 N. H. 62.

The mortgage under which the plaintiff claims here is void or invalid, unless it falls within some of the exceptions made by the statute, or can otherwise be distinguished from the ordinary case of a deed by a wife alone. The cases in which, by statute, a wife may hold and dispose of her real estate without her husband, are, (1.) When the husband has deserted his wife for three months, without providing for her and their children, or when any facts exist which are, or, if continued, will become a cause of divorce, and the wife is the injured party. Rev. Stat., ch. 149, sec. 1 ; Comp. Stat. 380. (2.) If the wife of an

alien, or citizen of another State, shall reside in this State six months successively, separate from her husband. Ib., sec. 4. (3.) If, before marriage, the parties enter into a contract in writing, consenting that the wife shall hold the whole, or any designated part of her property, to her sole and separate use; Laws of 1846, ch. 327, sec. 1; such contract being recorded like a deed of real estate. Ib., sec. 3. (4.) Where a conveyance, or devise of property, is made to a married woman, to her sole and separate use, free from the control or interference of her husband, the deed being recorded. Ib., secs. 2, 3.

There is no suggestion, in the evidence or in the pleadings, that any such state of facts existed in this case as would bring it within either of these exceptions. It seems probable that the mistake in this case arose from an idea that the deed from Mace to Mrs. George would fall within the fourth of these classes; that being made to the wife alone, without mention of any interest of the husband, she would have the right to dispose of it. But the deed to her is in the usual form, the consideration is acknowledged to be received of her, and the conveyance is to her and to her heirs and assigns, to her and their use and behoof forever. There is no phrase which conveys the idea that the wife is to hold "for her sole and separate use, free from the control or interference of her husband."

A deed and mortgage back of the same date, to secure the consideration money, must be considered as one transaction, and if the mortgage is avoided on the ground of infancy, the former becomes of no effect. *Roberts* v. *Wiggin*, 1 N. H. 73; *Heath* v. *West*, 26 N. H. 199.

We have not found the same principle stated in the case of the deed of a married woman, and a mortgage back to secure the consideration. The doctrine, as stated in *Mathews* v. *Puffer*, seems to be that the mortgage is "in law a mere nullity, as respects its power to transfer

any title, interest or possession." "It is merely void, and requires neither entry, plea, or other act on the part of the party executing it, or others, whose rights might be included by its terms, to avoid it;" and as stated in *Murray* v. *Emmons*, 19 N. H. 486: "There is no authority for maintaining that the lease, deed, or other contract of a married woman has any validity at all. Unlike the act of an infant, which is voidable only at his election, that of a *feme covert* is inoperative and void from the beginning, and requires only a plea of *non est factum* to annul it. 1 Bl. Com. 444; 2 N. H. 175; Com. Dig., Bar. & Fem. Q." And yet it is not at all apparent, independent of authority, why the same principle might not be properly applied in that case as in the case of infancy.

A *feme covert* is of capacity to purchase of others without the consent of her husband, but her husband may disagree, and divest the whole estate; but if he neither agrees nor disagrees, the purchase is good. But after his death, though her husband agreed thereunto, yet she may, without any cause alleged, waive the same, and so may her heirs also, if, after the decease of her husband, she did not agree to it. Co. Litt., 3, a.

The purchase of the wife being voidable, the question would be, whether the refusal by the husband, or by the wife, after his death, to allow any effect to the contemporary mortgage, might not be properly regarded as a dissent to the deed made to the wife.

It is not necessary to pursue this inquiry, because the husband here was present when the deed was made, and expressed no dissent; and because the mortgage here, though given to secure a part of the consideration actually paid, was not given to the grantor, nor to secure any part of the consideration yet unpaid; and because, if the deed to the wife was avoided, it would not aid the plaintiff.

It is a principle of equity that if a man who has a right to a particular property is present at a sale of that

property, by another, and he does not forbid the sale, or give notice of his claim, he will not be permitted to set up his title or claim against the purchaser, provided he was aware of what was doing; had knowledge of his rights, or such information as might have put him on inquiry, and the purchaser had no knowledge or reason to suspect his claim. *Marshall* v. *Pierce*, 12 N. H. 127; *Watkins* v. *Peck*, 13 N. H. 360; *Wells* v. *Pierce*, 27 N. H. 510.

In this case all parties seem to have acted under a mistaken impression of the law. They appeared to have supposed that by the deeds, as they were made, the property passed to the wife, and that the husband acquired no right or interest in it, and the wife had consequently a right to make a mortgage alone, to secure the money with which she made the purchase. In truth the deed of Mace, as it was made, gave to the husband a life estate in the property, and the right to avoid the deed to his wife, if he chose. But none of the parties seem to have understood this. If the husband were considered to be estopped to set up his right under the conveyance to the wife, it would not afford any substantial relief to the plaintiff, since there would be no estoppel to show that the wife's deed was void, and conveyed no title. Besides, there is no reason to suppose that the husband's interest was in any way concealed. All the facts on which his rights depended were entirely open to the view of all parties.

When an estate is purchased in the name of one person, and the consideration is actually paid at the time by another, there is a resulting trust, by implication of law, in favor of him who paid the money. *Scoby* v. *Blanchard*, 3 N. H. 170; *Pritchard* v. *Brown*, 4 N. H. 397; *Page* v. *Page*, 8 N. H. 187; *Pembroke* v. *Allenstown*, 21 N. H. 107; *Tebbets* v. *Tilton*, 31 N. H. 283. If only a part of the purchase money is so paid by the third party, there will be a resulting trust in his favor, *pro tanto*. 21 N. H. 107; 31 N. H. 283.

Eaton *v.* George.

In this case the money was loaned by Kennard to Mrs. George, to enable her to make the purchase, upon an agreement, supposed at the time to be valid, that he was to receive a note and mortgage for his security. Such instruments were made and delivered, but it turns out that they are mere nullities, of no value whatever. Can Kennard now claim that this money was in fact paid by him to Mace, and that a trust resulted to him in the property equal to the share of the purchase money so paid? As the doctrine is stated in our decisions above cited, it would not seem sufficiently broad to reach this case, but there are cases, and authorities, which would justify stating the doctrine in stronger terms. If, upon a purchase of real estate, the deed is taken in the name of one, but the consideration paid is the property of another, there will be a resulting trust in favor of the owner of the money. Bright's Eq. Dig. 340, sec. 414; 2 Mad. Ch. 113; Ad. Eq. 33, (n.) 1; 2 Story's Eq. 457, sec. 1210; see *Page* v. *Page*, 8 N. H. 198; *Foote* v. *Calvin*, 3 Johns. 216; *Brooks* v. *Dent*, 1 Md. Ch. Dec. 523; *Bruce* v. *Rooney*, 18 Ill. 167.

Upon such a view of the law we might be led to this result:—Kennard having been induced to loan his money to Mrs. George by fraud, upon securities which were void, the title to the money did not pass, but it still remained his, when applied to the purchase of this land, and so a trust in the land resulted to him as owner of the money. To establish this position the plaintiff must show that he was induced to loan his money by fraud.

Fraud is not alleged in the bill. All that is said on the subject, is, that the defendant pretended that when she made the note, she knew it was good for nothing, but it is charged that the contrary was true. The answer and evidence are silent on the subject.

Upon this state of the pleadings and evidence, the fact of fraud cannot be found.

Perhaps it might be inferred, from the allegations of the bill and answer, that though there was no fraud, it was a case of mistake common to all parties,—they all supposing that the note and mortgage were valid. How far such a mistake would operate to avoid the negotiations for the loan of the money, so that it could be claimed that the title of the money did not pass to Mrs. George, may deserve consideration. Mistake is one of the most common grounds of relief in equity. If one party, knowing the other's mistake, should take advantage of it, he would probably be guilty of a fraud. Jer. Eq. Jur. 366.

As this case presents itself to us, the question of usury is immaterial; since the note and mortgage are both invalid, nothing can be justly found due on either, and of course no deduction can be made.

The party who asks equity must be ready to do equity, and it may be doubted if a party can be allowed to ask a deduction on the ground of usury, unless he avows his willingness to pay what shall be found to be honestly due. 1 Story's Eq. Jur. 300; 4 Bouv. Inst. 179.

The judgment set up in the answer is no bar to the plaintiff. The record shows it was a case of nonsuit. That is not an admission of the defendant's pleas, nor a bar of another suit. If the judgment had been upon demurrer, as is alleged, it would be conclusive.

Upon the case as it stands the bill must be dismissed, but the plaintiff, on motion, may have leave to amend, on terms.