## SHANNON *v.* CANNEY.

*A married woman is not bound by a promissory note given during coverture, although at the time of her marriage she had, by inheritance, both real and personal estate; unless it be shown that such estate was held to her sole and separate use, and that the promise was made in respect to that estate.*

ASSUMPSIT on a promissory note for $57.46, dated October 7, 1857, signed by the defendant, Mary J. Canney, and payable to the plaintiff, Thomas Shannon, in one year, with interest.

Plea; coverture at the time the note was given.  The writ was dated April 5, 1862, an attachment was made April 7, 1862, and a summons was given to the defendant September 27, 1862.

The case was submitted upon the following agreed statement of facts:

At the time the note was given the defendant was the wife of one Ira Canney, who died in August, 1862.  When she married Canney she was the widow of one Smith.  Before she married Canney, and after the death of Smith and her father, she had given a note, signed by herself, to the plaintiff, for one or two hundred dollars, for his services as a physician in her family during the life of Smith and afterwards.  About a month after Smith's death the defendant's father died, leaving her heir to real and personal estate to the amount of fifteen hundred or two thousand dollars.  The defendant gave the note in suit and two others to renew and take up the note for $100 or $200, before mentioned, when it was nearly barred by the statute of limitations.

Canney had no property except a lot of land worth $100, and was an invalid, and confined to his bed most of the time for about two years before his death.

*Samuel Emerson,* for the plaintiff, cited Comp. Stat., ch. 158, secs. 3, 15; *Bailey* v. *Pearson,* 29 N. H. 77.

*Batchelder,* for the defendant, cited Chitty on Bills 18; 8 T. R. 545; 1 Pars. on Cont. 286; 2 Stark. Ev. 894, in note.

BELLOWS, J.   It appears that after the death of the first husband the defendant gave her own note to the plaintiff for his services in her husband's family during his life; and after her second marriage, and during its continuance, she gave the note now in suit in renewal of the other, and the question is whether she is bound by it.   Assuming that there was sufficient consideration for the promise, we still think there is nothing to bring this case within any exception to the general disability of a married woman to make contracts. The fact that at the time of her second marriage she possessed property by inheritance avails nothing, for it neither appears that she held it to her sole and separate use, or that the promise was made in respect to such property; and therefore the common law disability remains.   *Bailey* v. *Pearson,* 29 N. H. 77; *Ames* v. *Foster,* 42 N. H. 381.   The circumstance of there having been a good consideration for the promise makes no difference, any more than in the case of a contract of an infant by way of a promissory note to pay for necessaries.   Indeed, the rule that renders a married woman unable to contract, would be wholly inoperative if she could bind herself whenever there was good consideration for her promise; for, by the general law applicable to all persons, a good consideration is essential.   There must, therefore, be

*Judgment for the defendant.*