## Brown *v.* Glines.

A married woman made a mortgage of land purchased by her, and her husband was not a party to her deed, all parties supposing her deed alone to be valid. The mortgagee brought his bill in equity without asking for a correction of the error, and before a refusal to pay the mortgage debt or any doubt suggested by the mortgagor of the validity of the mortgage. The husband and wife joined in a new deed, and it was held that the plaintiff had no equitable claim for costs.

IN EQUITY. The facts, so far as they are material to the decision, appear in the opinion of the court.

*J. Clark*, for the plaintiff.

*Benton & Ray*, for the defendants.

BELL, C. J. By the allegations of the bill it appears that the plaintiff, Richard E. Brown, conveyed a farm in

Carroll, in Coös county, to Mrs. Glines, wife of the other defendant, George A. Glines, for $624; $300 was paid down, and a note and mortgage, signed by the wife alone, given for the balance of $324, of which $40 has been since paid. The deed to Mrs. Glines was not made to her for her sole and separate use, free from the control and interference of her husband, as it might have been under the statute, but was in common form in that respect. It is alleged expressly that the plaintiff believed the note and mortgage to be valid, and there is nothing in the facts alleged, or in the circumstances stated, to indicate that the same opinion was not entertained with equal sincerity by the defendants, while the payment of $40 on the note goes to show that they regarded it as valid. It is alleged that the plaintiff has often requested payment of the note, and it has not been paid, but it is not suggested that either of them has denied its validity, or sought to avoid payment on that ground. No fraud is imputed, and it seems a case of mutual mistake merely.

No request is alleged, or pretended to have been made to either of the defendants to rectify the mistake before the bill was filed, and they now, at the first term, come forward and without hesitation make a good note and mortgage.

And the question is, shall they be charged with the costs of a suit brought against them under such circumstances? We are of opinion that it would be inequitable and unjust, in such a case, to allow the plaintiff costs.

We are inclined very much to doubt if it would be in the power of a married woman to take advantage of a defect in her mortgage, without thereby avoiding the deed to herself, and, in that case, a party situated like the plaintiff would incur no risk of any ultimate loss.

If the defendants had at once tendered to the plaintiff a deed in correct form, we should have thought it a case where they ought to have been allowed costs, if the deed

was not accepted and the suit ended; but as they have allowed the case to be entered in court, without any movement on their part to rectify the mistake, we think they have no equitable claim to recover costs.

*Bill dismissed without costs.*