## EATON *v.* GEORGE.

Where a married woman purchased land and took a deed in common form to herself, and, at the same time, gave her note and mortgage, in which her husband did not join, to one K., who advanced a part of the purchase money, and the note and mortgage were assigned to the plaintiff, who alleged in his bill that K. was induced to loan the money on the note and mortgage by the fraud of the wife, it was *held* that, even if the facts were sufficient to create a resulting trust in the land to K., no trust in the land resulted or was transferred to the plaintiff, by the assignment to him of the note and mortgage.

IN EQUITY. An abstract of the original bill and answer is given in *Eaton* v. *George*, 40 N. H. 259. The plaintiff has since amended the bill, by adding these allegations: that the defendants refuse to pay any part of the note, or to permit the mortgage to be enforced, claiming that they are void as the note and mortgage of a married woman; that at the time of their execution and of the

loan, the defendants knew that the note and mortgage were void, and that the said Nancy executed them and received the loan with the intent to defraud Kennard, or any subsequent purchaser of the note and mortgage; that Kennard made the loan and took the note and mortgage in good faith, and in the full belief that the note and mortgage were valid; that the plaintiff purchased the note and mortgage of Kennard in good faith, believing them to be valid. The answer was also amended and testimony was taken.

*Morrison & Stanley*, for the plaintiff.

*Clark & Smith*, for the defendant.

BARTLETT, J. If a trust resulted to Kennard, that can not avail the plaintiff in this suit, where he stands merely as the subsequent assignee of the void note and mortgage executed by Nancy George; no trust has resulted in the plaintiff's favor, and there has been no transfer to him of any interest that Kennard might have by way of resulting trust. The bill must, therefore, be dismissed.