# HILLSBOROUGH,

## JUNE TERM, A. D. 1861.

### AMES *v.* FOSTER.

Under the statute of 1846, a married woman can contract only in respect to property conveyed to her sole and separate use, free from the control and interference of her husband. She can not contract in anticipation of any such purchase to her sole use, &c.

No action can be maintained against a married woman, upon any note or obligation, given by her for money hired as the purchase money of land to be conveyed to her sole and separate use, though it appears the money was in fact so applied.

ASSUMPSIT upon a promissory note for $133, payable to the plaintiff, Samuel P. Ames, or order, on demand, &c., signed by the defendant, Indiana Foster, and dated March 1, 1858. The defendant pleaded coverture. The plaintiff replied (1) that his action should not be barred, because, he said, the contract in suit was made in respect to property, held by the defendant to her sole and separate use, free from the interference or control of her husband; and (2) because the consideration of the said note was money, hired by said defendant of said plaintiff, to pay as part of the purchase money for real and personal estate, bought by the defendant of a third person, and conveyed to the defendant, to her sole and separate use, free from the interference or control of her husband. Upon the first replication issue was joined, and to the second the defendant demurred, and there was a joinder in demurrer. The court sustained the demurrer to the second replica-

Ames *v.* Foster.

tion, and tried the issue raised upon the first, and upon the evidence found said issue for the defendant. To the ruling of the court sustaining the demurrer, the plaintiff excepted.

*Worcester*, and *Morrison, Stanley & Clark*, for the plaintiff.

*Cross & Topliff*, for the defendant.

BELL, C. J. By the statute of 1846, section 12, the property of a woman about to be married may be secured to her sole and separate use, free from the control or interference of her husband, by a marriage contract, entered into before the marriage; and by section 13, a married woman may hold any property, conveyed to her sole and separate use, free from the control or interference of her husband, as if she were sole; and in these cases, by section 15, such married woman shall, in respect to all such property, have the same rights, and possess and be entitled to the same remedies, in her own name, both at law and in equity, and be liable to be sued at law and in equity, upon any contract by her made, or any wrong by her done, in respect to such property, in the same manner and with the same effect as if she were unmarried. Comp. Stat. 382.

In this case, it is alleged by the replication to which the defendant has demurred, that the consideration of the note declared on, and which the defendant denies her liability to pay, because of her being a married woman, was money hired by said defendant of said plaintiff, to pay as part of the purchase money for certain real and personal estate, bought by the defendant of a third person, and conveyed to the defendant, to her sole and separate use, free from the interference or control of her husband.

The question designed to be raised is, whether a mar-

ried woman can bind herself, by her sole contract, to pay money, hired by her to pay for property then, or before, or after, conveyed to her sole use, &c.

This question is now become of importance, by reason of the change of the law, in 1860 (ch. 2342, secs. 1, 2, Laws, 2248), by which it is provided that every married woman shall hold to her own use, free from the interference or control of her husband, all property inherited by, bequeathed, given or conveyed to her; provided such conveyance, gift or bequest is not occasioned by payment or pledge of the property of the husband; and by section 3, any married woman, holding property to her sole and separate use, free from the interference or control of her husband, may sue and be sued in her own name, as though sole, in all matters pertaining to said property, and upon all debts contracted by her before her marriage.

The language of these statutes bearing upon this point is somewhat different. In the first, the liability to be sued is upon any contract by them made in respect to such property; in the other, in all matters pertaining to said property; but the intention seems to be substantially the same in both. Both expressions are quite indefinite, and their construction must be settled by the decisions of the court.

Considering the great changes which have been making from year to year, in relation to the rights of married women, which have steadily tended to secure to them their rights of property, and their free agency in relation to its control and management, the court are not disposed to adopt a narrow construction of the statutes on this subject; but they are, at the same time, painfully aware that wherever the line may be drawn, it will be long before the public will understand and recognize the point where the power of a married woman to bind herself by her bargains ceases, and that frauds upon the thoughtless and inconsiderate must often occur.

Two views only have been presented to us. One, that which requires that a married woman must have real estate, conveyed and secured to her sole and separate use, &c., before she can bind herself, upon the ground that till then she is not a person holding property to her separate use, and her contracts can not be in respect to such separate property, or pertain to it. By this construction, no contract having in view the acquisition of such property, or preliminary to a purchase, would be binding.

The other would make binding upon a married woman all her contracts for the purchase of such property, or preliminary to such purchase, including, by a pretty liberal construction, her contracts for procuring the money, or other means of making such purchase; in which case, we suppose, it would be necessary to prove that the money was in fact applied to the purchase of such property.

The first is recommended by its closer conformity to the language of the statute; while the other has in its favor the fact that it is calculated to cut off the chances of fraud at the point where they are most likely to occur.

In the case of *Bailey* v. *Pearson*, 29 N. H. 77, the question arose whether an action could be maintained against a married woman who held property conveyed to her to hold to her sole and separate use, free from the control or interference of her husband, upon a promissory note, made by her during the marriage, which did not appear to have been given on account of any contract growing out of her separate estate. It was contended that by the third section of chapter 149 of the Revised Statutes, it was provided that "whenever any married woman should be entitled to hold property in her own right to her separate use, she may make contracts, sue and be sued in her own name, may dispose of her property by will or otherwise, as if she was sole and unmarried;" and that this provision gives her an unlimited right to contract, and subjects her to an equally unrestricted liability to be sued on her con-

tracts of all kinds, so long as she is entitled to hold any property in her own right, to her separate use. But it was held by the court that the third section of chapter 149 of the Revised Statutes was confined to the cases specified by that statute; the cases of married women deserted by their husbands, &c., and of the wives of aliens, or citizens of other states residing here, in the absence of their husbands, whom it was intended to relieve of all the disabilities incident to the condition of *femes covert*, and that it had no relation to the cases of other married women. And the same view was held by the court in *Albin* v. *Lord*, 39 N. H. 202, and in many cases elsewhere, there cited.

It was there held that the statute of 1846, under which this case arises, changed the law only to the extent that the wife may hold property in the cases specified, and make contracts and incur liabilities, connected with and growing out of that property, and was not intended to authorize her to contract generally. Her matrimonial incapacities continue as before, except as to the separate property, and acts and contracts relating to it.

And the principles thus settled are approved by the court here, and must govern this case. They go to the extent that the power of the married woman to bind herself by her contract, under this statute, and, as we incline to think, under the statute of 1860, exists only in cases where she is, at the time of making the same, entitled to hold separate property to her own use, and where the contract relates to that property. From this view it results that she can make no contract, for money or property, in anticipation of the purchase of such separate estate; and consequently the note on which this action is founded, being given for money hired for the purpose of buying such property, was unauthorized by the act, and is not binding on the defendant.