BENJAMIN F. LEACH v. SAMUEL NOYES AND LUCY E. NOYES.

Where land was purchased by the wife in 1855 and conveyed to her in the ordinary form, and not to her sole and separate use, a note and mortgage given by her as security for the price, have no legal validity whatever.

In such case if the conveyance was assented to by the husband and he acquired and claimed an interest in the land by it, a court of equity, on proof of a demand and refusal, will decree that the husband and wife make a valid mortgage to secure the payment of the price.

Where the bill in equity has been filed in vacation and process issued, and a demand afterwards, but before service, made upon the defendants to join in giving security, with the purpose of making service only in case of a refusal, it was *held* that such demand was sufficient.

THIS is a bill in equity by Benjamin F. Leach against Samuel Noyes and Lucy E. Noyes, his wife, alleging : That, on the first day of September, A. D. 1855, the said Lucy and one Lorenzo Currier being desirous of purchasing of Horace A. Stickney a tract of land in Enfield upon which the plaintiff held a mortgage made by the said Stickney to secure the payment of his promissory notes to the plaintiff for about $500,00, it was agreed between the plaintiff, the said Lucy and Currier and the said Stickney, that the latter should convey the whole tract to said Lucy, who should convey a portion thereof to said Currier, and that the plaintiff should surrender up his said promissory notes to said Stickney, and that said Lucy should mortgage her remaining part of said land to the plaintiff to secure a part of said claim of $500,00, and that Currier should mortgage the parcel so conveyed to him to secure the rest of said claim :   That said conveyances were accordingly made on said first day of September, 1855 ; but by accident or mistake the deed from Stickney to said Lucy was made in common form, and not to her sole and separate use and free from the control and interference of her husband : That the said Lucy on the same day gave to the plaintiff a mortgage as she had agreed of a part of said land to secure the plaintiff for her part of the purchase money (said plaintiff having paid as aforesaid the said Horace for said land,) being $175,00 ; and the plaintiff supposed the said mortgage and the notes given by said Lucy to be good and valid and he accordingly gave up to said Stickney the notes he so held against him and took the notes of said Lucy, and the said Currier in lieu thereof :   That said Currier has since paid his said notes and the said Lucy has paid one of her notes of $100,00, but the other of $75,-00, although often requested the said Lucy has refused to pay ; and both of said defendants have denied the validity of said note and mortgage and have refused to rectify said mortgage and give the plaintiff a good and valid mortgage ; claiming that they are void as the note and mortgage of a married woman.

The bill prays that the defendants may be decreed to give to the plaintiff a good and valid note and mortgage, or a deed of said piece of land ; and also prays for general relief.

The answer of Lucy E. Noyes admits the purchase by her in her own right of the land in question, and the sale by her of a part of it to Currier ; that the plaintiff then held a mortgage of the land from Stickney to secure a debt originally due plaintiff from one Fifield, not arising in any way from the purchase money of said premises ; that plaintiff and said Stickney agreed between themselves that plaintiff should release his debt to Stickney, and take separate notes from the defendant and said Currier to the same amount in payment therefor, to be secured by mortgages of the parcels held by them respectively, to which the said Lucy and Currier assented, and notes and mortgages were executed accordingly ; that the said Lucy executed her papers in good faith, following their directions as to the kind and form of papers necessary, and if her note and mortgage were invalid in law, as she is advised they were, it was from no fault of hers, but arose from the plaintiff's misapprehension of his legal rights under his contracts, for which this defendant de-

nies that she is responsible. The said Lucy also denies any demand upon her for the money alleged to be so due to the plaintiff, or that she has refused to pay any money that may be due from her to him, and also claims that plaintiff is not entitled to demand, nor can she give, a better mortgage than the one already given unless the deed from Stickney to her is also changed or reformed.

The answer of Samuel Noyes admits that he understood that his wife made the purchase as stated by her; that the plaintiff held a mortgage which was released, and the mortgages of his wife and the said Currier substituted, all as stated by her; that, to all these proceedings, the said *Samuel was in no wise a party;* that the papers were made by the parties to said deeds and mortgages in such manner as to be satisfactory to the plaintiff and all parties at the time; that the defendant Samuel regarded all said transactions as a spectator, excepting so far only as he felt interested for his wife who was doing the business on her own account; that neither the plaintiff nor any other of the parties solicited his advice as to how the papers should be made, nor did he give them any such advice; and that, if Stickney did not give a proper deed to the said Lucy, or the plaintiff did not receive a valid note and mortgage as he ought, the defendant Samuel *denies that he was in any way a party thereto* or is responsible therefor. He also denies all knowledge of any demand upon himself or the said Lucy for the money alleged to be due, or any refusal to pay any money which may be due from her to him.

The defendant also alleges the recovery of a judgment against him and his wife by one Woodbury, and the issue of an execution thereon and levy upon real estate, and upon a demand of a homestead by this defendant the officer set out the tract of land so conveyed and held by his wife, as such homestead, setting it out as if not encumbered by said mortgage to the plaintiff; although this defendant requested the officer to set it out subject to said mortgage, and this defendant claims that he should not be compelled to part with said homestead.

At the December Term 1863, the parties entered into an agreement to the effect that the statements in the bill and answers are to be taken to be true, except so far as modified by the agreement. As to a demand it is therein agreed, that, after the bill was filed, and on the day of the service upon the said Lucy, the plaintiff's attorney called upon her for a new mortgage which she declined to give on the ground that she had given all the title she had; and that, before the commencement of this suit, the plaintiff's attorney called upon the defendant Samuel Noyes, and asked him to pay the debt, or join with his wife in a new mortgage, both of which he declined to do, on the ground that he had nothing to do with the matter, but that no other request to pay, or make a new mortgage was made. It is also agreed that the defendants live on a farm worth $1500, in which the said Lucy has a life estate, and that the land in question, so set off as part of the homestead, is outside of the farm in which said Lucy has a life-estate, but adjoining the same and used in connection with it as mowing land and pasturing, but has no buildings thereon.

And the case is submitted upon the statements in the bill and answers as modified by the agreement.

*Murray*, for plaintiff.

*Barnard*, for defendants.

BELLOWS, J.　Upon examining the bill we think there are no allegations that entitle the plaintiff to a decree against the husband. The case stated is a contract of purchase by the wife, a conveyance of a part the land by her to Currier, the giving of her note to the plaintiff for a part of his mortgage debt, and a mortgage of the land retained by her to secure the payment of that note ; and that by accident or mistake the deeds and other instruments were so made that no valid security was obtained by the plaintiff of the wife, as was intended and understood there should be. But it is not stated that the husband was a party to these transactions or any of them, or that he assented to the conveyance to the wife, or the giving of the mortgage to the plaintiff, or that he acquired any interest in the land so conveyed to the wife, or ever claimed any, or that he had or claimed any interest in it at the time of filing the bill. All that is stated to connect him with the transaction is that he was the husband of Lucy E. Noyes and that on request for a valid mortgage he denied the validity of said Lucy's note and mortgage.

This is not as we think sufficient, but, as the bill may be amended upon some terms, we have examined the case upon its merits, and are of opinion that upon the facts before the court upon the bill, answers, and argument, the plaintiff is entitled to relief.　It is quite clear that a valid security in place of that which was relinquished by the plaintiff must have been contemplated by the parties, and intended to have been made ; and it is equally clear that the security actually given by the wife had no legal validity whatever.　*Eaton* v. *George*, 40 N. H. 258.　By the conveyance the husband acquired an estate in the land, at least during the marriage, and by his answer he seems to have claimed and enjoyed it ; and with a knowledge, too, of the manner in which it was acquired, and the securities attempted to be made, at the execution of which he appears to have been present.　Under these circumstances neither he nor the wife can in equity and good conscience continue to hold the land without paying the balance due the plaintiff, which is substantially a part of the price.

It is true that no fraud appears to have been intended in resorting to this mode of giving security ; but it is a clear case of accident or mistake arising from a misapprehension of the law, which, as it is now settled by *Kennard* v. *George*, 44 N. H. 440, is good ground for relief. The defendant, Samuel Noyes, does not appear to have taken any part in making the contract of purchase or in determining the form of the security ; but he assented to it, acquired and claimed an interest in the land by it, and, unless this court has power to reach that interest in his hands, the plaintiff may be without remedy, while the defendants, by taking advantage of the mistake, would be enabled to hold the land with-

out the charge which the parties clearly intended to impose upon it. Nor is the case altered by the fact that since the conveyance the land has been set out as part of the defendant's homestead; for by that act the defendant, Samuel Noyes, has acquired no new title, but, for aught we can see, stands in the same relation to this plaintiff that he did before. It is urged, to be sure, that if the officer had extended his execution upon this land it would have been held by the creditor without being subject to this charge,—and such might have been the case unless there had been notice to the creditor or his agent of the claim,—and yet we think this cannot affect the defendant's liability, inasmuch as he received his *title* with the knowledge that it was intended to be subject to the plaintiff's claim.

. If the defendants had conveyed the land to a third person and for a full consideration even, and yet with notice of the plaintiff's equity, it would be in accordance with established principles of this court to grant relief against such purchaser; and the defendant, Samuel Noyes, can surely stand in no better situation. He assents to a conveyance which gives him an interest in the land, knowing that the land, by the agreement between the parties, was to stand charged with the payment of the price, and, for aught we can see, he is in no better position than if the land had been conveyed directly to him and the security attempted to be made by him, but by reason of a misdescription or other mistake, the mortgage was invalid.

A question has been made in respect to a demand upon the defendants before suit. As respects the defendant, Samuel Noyes, there was before the suit a request by the attorney of the plaintiff to pay the debt or join his wife in a new mortgage, which he declined upon the ground that he had nothing to do with the matter. No objection appears to have been made to the authority of the attorney and, for aught we can see, the demand upon this defendant was sufficient. See *Lovejoy* v. *Jones*, 30 N. H. 164.

In respect to the other defendant, Lucy E. Noyes, we are inclined to think that the demand was also sufficient if made in time. Upon that point it appears to have been made after the filing of the bill, and before the service, and in analogy to suits at common law where demands are often made after purchase of the writ and before service, the officer being directed not to make service until after demand and refusal, we are inclined to regard the demand here as seasonably made.

In *Robinson* v. *Burleigh*, 5 N. H. 225, a writ of trover was made and handed to the officer who accompanied the plaintiff to the residence of the defendant, when a demand was made; and upon a refusal to deliver the property, the plaintiff directed the officer to make service of the writ; and it was held by *Richardson*, *C. J.*, that the suit must be regarded as commenced when the plaintiff elected to make service; and that the demand was admissible. This was put upon the ground, that, although the writ was made before, yet there was no purpose to serve it, until the refusal to deliver the property had made it necessary. The same doctrine was applied in *Graves & al.* v. *Ticknor*, 6 N. H. 537, and it was laid down that the writ is considered as sued out at any

moment of the day which best accords with the justice of the case; and such is the doctrine of *Badger* v. *Phinney*, 15 Mass., 359, and *Seaver* v. *Lincoln*, 21 Pick. 267; in that case instructions were given to the officer not to make service of the writ which was given him until notice to the endorser, and then, if payment was made, not to serve it at all, and it was held by *Shaw*, *C. J.*, that the suit could not be regarded as commenced until after such notice.

To this doctrine we see no objection, nor are we aware of any objections to its application to suits in equity where process may be obtained from the clerk's office by filing a bill in vacation. If the process is taken with the purpose of making service only in case the defendant shall refuse after demand to do what the bill seeks for, we are not aware of any reason for not treating the suit as commenced after the election to proceed has been made, as in suits at law. The difference between the two classes of suits is in this respect merely formal; and we are inclined to think that the rule applied without inconvenience to suits at law may, with equal safety, be applied to suits in equity. See *Hayden* v. *Bucklin*, 9 Paige, Ch. Rep. 512.

We are of the opinion, then, that the demand upon both defendants is sufficient, and the plaintiff, upon making the proper amendments of his bill, will be entitled to a decree upon the principles laid down in *Kennard* v. *George*, 44 N. H. 440.

It might be also suggested that it is by no means clear that the plaintiff would not be entitled to relief upon the ground, that, as the security received for the original mortgage debt from Stickney, and for which that debt was given up, has to some extent proved to be wholly unavailing, equity might regard the Stickney mortgage as still subsisting. However, as the plaintiff is entitled to a decree upon the other ground, it is not necessary to determine this question.

Upon making the proper amendments the substance of the decree will be that the defendants join in a mortgage of their interest in this land derived from the conveyance from Stickney, to secure the payment of the balance due according to the note given by the wife.