WHIPPLE *v.* GILES.                    { MARCH 11, 1875.

### Contracts of Married Women.

The contract of a married woman to pay for services of an attorney in prosecuting a libel for divorce against her husband is not binding.

A married woman cannot bind herself by a mere personal contract so that an action can be maintained against her after the coverture has ceased, nor will such contract be implied against her by reason of services rendered during her coverture.

The plaintiff was employed by the defendant, as an attorney-at-law, to procure for her a divorce on the alleged ground of extreme cruelty, and it is for services so rendered that suit is now brought. After the testimony had been taken, the proceedings for divorce were abandoned by her, and she directed the plaintiff to proceed no further, and the defendant thereafter lived with her husband as his wife until his death some year or two after. Since the death of the husband this suit was brought. If the plaintiff can maintain his action, he is to have judgment for the amount of his claim and taxable costs, otherwise a non-suit is to be entered.

LADD, J. It is settled that the common-law disability of a married woman to bind herself by contract is not removed by statute in this state, except so far as regards her contracts respecting property which she holds in her own right. That was so decided in *Bailey* v. *Pearson*, 29 N. H. 77, upon the statute of 1846, which was not materially different from Gen. Stats., ch. 164, sec. 13, and has been repeatedly reaffirmed since. This seems to me quite decisive of the present case. There is no just sense in which a contract by a married woman for the services of an attorney in procuring for her a divorce can be said to be a contract respecting her separate property, even if she had such property, which does not here appear. I think the action cannot be maintained.

CUSHING, C. J. "Assumpsit upon a mere personal contract made during coverture will not lie against a married woman, whether her

husband be joined in the suit or not, unless such contract was made in respect to property held by the wife to her sole and separate use." *Carleton* v. *Haywood*, 49 N. H. 314.

" Where a *feme-covert*, holding property under the act of 1846, signed a promissory note during the coverture, which did not appear to have been given on account of any contract growing out of the property—held, that it could not be recovered." *Bailey* v. *Pearson*, 29 N. H. 77. Substantially the same doctrine is held in *Eaton* v. *George*, 40 N. H. 258;—see, also, *Brown* v. *Glines*, 42 N. H. 160; *Eaton* v. *George*, 42 N. H. 375; *Ames* v. *Foster*, 42 N. H. 381; *Shannon* v. *Canney*, 44 N. H. 592; *Leach* v. *Noyes*, 45 N. H. 364.

It appears from the cases cited, that, independently of statutory exceptions, it is generally true that a married woman cannot be bound by any contract expressly made by her during her coverture, or implied against her by reason of matters arising during the same time. I see nothing in the facts stated in this agreed case to take it out of the operation of the general rule in the case of *Morris* v. *Palmer*, 39 N. H. 123, where it was held that the services and expenses of an attorney employed by a married woman were necessaries; it was also held that the husband, and not the wife, was liable for them. It appears to me, therefore, that according to the agreement there must be judgment of nonsuit.

SMITH, J. At common law the contract of a *feme covert*, with certain very limited exceptions, was void, and no action could be maintained thereon against her.

Under Gen. Stats., ch. 164, sec. 13, she has the same rights and remedies in relation to any property which she holds in her own right, and may sue and be sued in her own name upon any contract by her made or for any wrong by her done in respect to such property, as if she were unmarried. The statute does not, either in terms or by implication, apply to any contracts made by a married woman, other than those regarding such property. This is well settled in all the cases that have come before the court since the passage of the act of 1846, which was the first departure from the doctrine of the common law in the legislation of this state;—see authorities cited in the defendant's brief. It seems wholly unnecessary to refer to the cases upon this subject in our reports. A single case will suffice;—see *Shannon* v. *Canney*, 44 N. H. 592, where it was held that " a married woman is not bound by a promissory note given during coverture, although at the time of her marriage she had, by inheritance, both real and personal estate, unless it be shown that such estate was held to her sole and separate use, and that the promise was made in respect to that estate."

There can be no pretence that the contract made by this defendant with the plaintiff had any reference to or connection with any property held by her in her own right. It follows, therefore, that this action cannot be maintained.        *Plaintiff nonsuit.*