## BLAKE *v.* HALL. { Aug. 11, 1876.

### *Feme covert—Contract.*

A married woman cannot bind herself by contract, under Gen. Stats., ch. 164, sec. 13, unless such contract is in respect to property held by her in her own right.

FROM HILLSBOROUGH CIRCUIT COURT.

ASSUMPSIT, for goods sold and delivered. Plea, the general issue, with a brief statement that the defendant is the wife of R. P. Hall, and was at the time she purchased the goods. Trial before STANLEY, J., without a jury.

The evidence tended to show, that on October 30, 1874, the defendant purchased a shawl, and at that time informed the plaintiff that she wished to run an account for a short time, and would pay for the goods ; that the goods were all delivered to her, or upon her order, at different, times ; that previous to the purchase of the shawl the plaintiff had sold goods to the husband of the defendant, which were charged to him, and the account had been settled. The defendant's husband had nothing to do with making the purchases in question. The first item in the specification was charged to Mrs. R. P. Hall, and some of the other items were charged to R. P. Hall. The goods were posted on the ledger to R. P. Hall, under the same entry as the goods which had previously been sold to him, and been paid for before the account in question accrued. When the goods in question were sold and delivered, the plaintiff gave the credit to the defendant, and did not rely upon the husband for payment. The defendant and her husband were then living together as husband and wife. The bill was presented to the defendant before this suit was brought.

Upon the foregoing facts the court found *pro forma* for the plaintiff for the sum of $146.97, and interest from the date of the writ, subject to the opinion of the superior court upon the foregoing facts.

*Stevens & Parker*, for the plaintiff.

*Geo. Y. Sawyer & Sawyer, Jr.*, for the defendant.

SMITH, J. There is nothing in this case that shows that the defendant contracted in respect to any property held by her to her sole and separate use, or even that she held any such property upon which such a contract could operate. *Whipple* v. *Giles*, 55 N. H. 139.

CUSHING, C. J., and LADD, J., concurred.

*Exceptions sustained.*