FOR THE

COUNTIES OF HAMPSHIRE AND FRANKLIN, AT
GREENFIELD, SEPTEMBER TERM 1871.

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. HORACE GRAY, JR.,
Hon. SETH AMES,                } JUSTICES.
Hon. MARCUS MORTON,

## HAMPSHIRE COUNTY.

### ANNA B. WHITE vs. WASHINGTON GRAVES & another.

On the trial of an action to avoid a deed upon the ground of mental incapacity of the grantor at the time of its execution, evidence of the condition of his mind a year afterwards may be excluded, in the discretion of the judge, as too remote.

If a married woman, mentally competent, joins in a deed of land by her husband, to release her dower, without duress or fraudulent misreading of the deed, and suffers it to be delivered to the grantee, she cannot avoid it on the ground that she was induced to join by fraud or undue influence of her husband or another co-grantor, without showing complicity of the grantee.

WRIT OF DOWER, dated August 18, 1869, wherein an insane woman, by her guardian and next friend, claimed dower in lands in Hadley, under the Gen. Sts. c. 107, § 38, and c. 135, § 9, after her divorce from her husband, David White, for the cause of his adultery. The tenants pleaded the general issue, and specified that Elijah White and the said David White were owners in common of the demanded premises, and conveyed the same to

the tenants on February 22, 1867, by deed of that date, with full covenants of warranty of title and against incumbrances, and that the demandant, as wife of the said David, joined with them in the deed and thereby released her right of dower.

Trial and verdict for the tenants, in the superior court, before *Pitman*, J., who allowed a bill of exceptions, the material parts of which are comprised in the following statement:

It appeared, at the trial, "that the tenants neither employed counsel nor directed the defence of the suit, but that Elijah White employed counsel and instructed them and was active in procuring the witnesses and otherwise preparing the case."

It was proved that the demandant was married to David White in 1853, and was divorced from him at April term 1869 of this court in this county, for the cause of his adultery; the deed set up by the tenants was put in evidence; and the demandant sought to avoid it on the ground that her execution of it " was of no effect by reason of her mental incapacity, and of undue advantage taken by the parties to the deed to obtain her signature at a time when her mind was weak and easily and unduly induced thereto, and that the grantees were knowing to the incapacity and undue influence exerted by the grantors in obtaining her signature."

Upon these issues, the demandant introduced evidence tending to show that for many years before 1867 she and her husband and their children, and Elijah White and his wife and children, constituted one family; that she was an epileptic during all the time, and that her fits of epilepsy became more frequent and severe, until at the date of the deed she was in a state of confirmed dementia; and the tenants introduced evidence tending to show that until some time after the date of the deed her mental capacity was unaffected in the intervals between the fits.

At the close of the demandant's evidence, she sought to introduce a portion of a deposition of Franklin Bonney, a physician, "for the purpose of showing the conduct and admissions of Elijah White as one of the parties warranting title to the defendants and fraudulently combining with David White, as alleged, to procure the signature of the plaintiff to the deed by undue influence;" but the judge excluded it. By a copy of it, annexed to the bill of

exceptions, it appeared that the conduct and admissions of Elijah White, thus sought to be proved, related to the state of the demandant's mind in the latter part of February 1868.

In his closing argument to the jury, the demandant's counsel contended that the demandant was entitled to a verdict, (1) on the ground that she was mentally incompetent to execute the deed, and (2) on the ground that, being weak in mind, she was unduly influenced to sign it. The judge submitted the case to the jury upon the first position with instructions to which no exception was taken, and ruled that there was no evidence to go to the jury in support of the second position. The testimony of many witnesses upon this position was set forth in the bill of exceptions, and the substance thereof is stated in the opinion.

*C. Delano*, for the demandant.

*G. M. Stearns & W. Allen*, for the tenants.

GRAY, J. The demandant has no ground of exception to the rulings of the superior court upon either of the issues made at the trial.

1. Upon the issue of her mental condition at the time of the execution of the deed in which she joined as a grantor in February 1867, the case was submitted to the jury under instructions to which no exception was taken, and the only evidence excluded was of declarations of Elijah White as to her condition in February 1868. Assuming that Elijah White stood in such a relation to this action that his declarations were admissible in evidence against the tenants, evidence of the demandant's state of mind a year after the deed had been executed might well be rejected by the presiding judge, in his discretion, as too remote in point of time to have any weight upon the question what her mental condition had been when she executed the deed. *Shailer* v. *Bumstead*, 99 Mass. 112, 130. It is therefore conclusively established by the verdict that the demandant at the time of executing the deed had sufficient mental capacity for the purpose.

2. Upon the issue of undue influence, none of the evidence introduced or offered had any tendency to show duress or compulsion of the demandant, or that the deed was misread to her, or that either of the grantees knew of or participated in any influence

exercised by the other grantors upon her. A deed procured by fraud or undue influence is not wholly void; and it was long ago decided by this court, upon great consideration, that a person who voluntarily executed a deed, although induced to do so by fraud, could avoid it only as against the party who exercised the unlawful influence, or against one who took title under the deed with participation in or notice of the fraud, and not against one who took a title apparently good from those having capacity to convey. *Somes* v. *Brewer*, 2 Pick. 184. The case at bar does not require us to consider how far the same rule might be applicable to a grantor who acted under duress, or who never actually consented to the deed, as in the case of a person made so intoxicated as not to know what he was about, or of an unlettered person to whom the deed was not read at all or was read wrong by fraud, or of a person wanting in mental or legal capacity, like an insane person or an infant. See 2 Pick. 194, 197, 203, 204; Keilw. 154 *a;* *Thoroughgood's case*, 2 Co. 9; Shep. Touchst. 61; *Worcester* v. *Eaton*, 13 Mass. 371; *Vinton* v. *King*, 4 Allen, 562; *Dodd* v. *Cook*, 11 Gray, 495; *Putnam* v. *Sullivan*, 4 Mass. 45, 54; *Jackson* v. *Hayner*, 12 Johns. 469; *Foster* v. *Mackinnon*, Law Rep. 4 C. P. 704; *Schuylkill County* v. *Copley*, 67 Penn. State, 386; *Gibbs* v. *Linabury*, 22 Mich. 479; *Gibson* v. *Soper*, 6 Gray, 279; *Bartlett* v. *Drake*, 100 Mass. 174.

By the common law of England, a wife could not release her dower by deed; but, according to the better opinion, she might be barred of it by judgment recovered against her husband for the land, unless such judgment was procured by collusion between him and the demandant. Britton, 261 *a*. 2 Inst. 347, 349, 350. Co. Lit. 357 *b*. By the law of this Commonwealth, she is capable of releasing her dower by joining in the deed of her husband, without any separate examination of or acknowledgment by her before a magistrate. *Fowler* v. *Shearer*, 7 Mass. 14. *Catlin* v. *Ware*, 9 Mass. 218. *Page* v. *Page*, 6 Cush. 196. Gen. Sts. *c*. 90, § 8; *c*. 89, § 18. For the purposes of executing such a deed, she has as full power as an unmarried woman would have to execute a deed of her land; and if, being of suffcient mental capacity, and without duress, or misrepresentation as to the nature of the

instrument, she joins in such a deed and suffers it to be delivered to the grantee, she cannot afterwards avoid it, on the ground that she was induced to execute it by fraud or undue influence of her husband, or of another co-grantor, without showing that the grantee knew or participated in the fraud.

This essential link in the chain of proof necessary to defeat the tenants' title was wholly wanting. It was therefore rightly ruled that there was no evidence to go to the jury in support of the demandant's position that her signature to the deed had been obtained by undue influence. *Exceptions overruled.*