### Annie B. Thacher *vs.* Joseph R. Churchill, trustee, & others.

Suffolk,  March 15. — June 24, 1875.  Ames & Endicott, JJ., absent.

A married woman jointly with her husband signed a promissory note payable to a person described therein as trustee, and at the same time, to secure the note, executed a mortgage of her separate real estate, in which her husband joined. The mortgage and note were given to secure certain loans previously made by one person and other loans to be made by other persons, by whom advances, a part of which were not repaid, were made in good faith, and were delivered to the trustee and accepted by him upon these trusts. Upon a bill in equity, brought by the woman for a return of the note and to avoid the mortgage, which alleged that the same were signed, executed and delivered by her in ignorance of their contents and nature, without consideration enuring to her, and without any declaration in writing of the trust, as required by the Gen. Sts. *c.* 100, § 19, the justice who presided at the hearing found that she executed the note and mortgage voluntarily and without fraud or undue influence. *Held,* that the bill could not be maintained.

Bill in equity against Joseph R. Churchill, trustee, Reuben A. Richards, John E. White, and George E. Richards, copartners under the firm name of Richards & Co., and Charles A. White, praying that a certain mortgage of land and a promissory note executed by the plaintiff and her husband, William T. Thacher, jointly, be declared void, the mortgage cancelled, and the mortgaged estate reconveyed to her by the first named defendant.

Hearing before *Colt,* J., who reserved the case for the consideration of the full court upon a report, the substance of which appears in the opinion.

*W. H. H. Andrews,* (*C. L. Woodbury* with him,) for the plaintiff.

*A. Churchill,* for the defendants, was not called upon.

Morton, J. It appears from the report that the plaintiff, jointly with her husband, signed a promissory note for five thousand dollars payable to the defendant Churchill, trustee, or order, and at the same time executed a mortgage of her separate real estate to secure the note, her husband joining in the mortgage. No consideration was paid by Churchill at the time, but the note and mortgage were made under the following circumstances:

The defendant White was under certain liabilities for William T. Thacher, the husband of the plaintiff, and Thacher, being de-

sirous of borrowing money of the other defendants, who compose the firm of Richards & Co., proposed to give as security for such desired loan and advance, a note and mortgage upon his wife's property, running to said Churchill trustee, to be held by him in trust to secure such loans and advances as should be made by said Richards & Co., and the preëxisting liability of said White. In pursuance of this the note and mortgage in question were made and delivered to Churchill, who accepted the same upon said trusts.

Afterwards Richards & Co., in good faith and relying upon said security, made advances to said Thacher, a part of which is due and unpaid.

The justice who presided at the hearing has found that the plaintiff executed the note and mortgage voluntarily, and without any fraud or undue influence.

Upon these facts there is no principle of equity upon which the plaintiff can avoid the mortgage. If, by reason of her coverture, she is not liable to a personal action on the note, yet it is valid against her husband, and the mortgage by her of her separate property to secure it is valid and binding. *Bartlett* v. *Bartlett*, 4 Allen, 440. The fact that she neglected to read the mortgage, and to inform herself of the trusts upon which Churchill held the note and mortgage, furnishes no reason for setting it aside. No deception was practised upon her, and the defendants accepted the security in good faith, and in the belief, which they had the right to hold, that the mortgage and note were duly executed by the plaintiff with a full understanding of the said trusts. *White* v. *Graves*, 107 Mass. 325.

To the extent of the liability of White, and of the advances made by Richards & Co. upon the faith of the security, the mortgage is valid and binding, and may be enforced by the trustee. *Commercial Bank* v. *Cunningham*, 24 Pick. 270. *Goddard* v. *Sawyer*, 9 Allen, 78.

The plaintiff argues that the trusts assumed by Churchill in favor of the creditors of her husband were invalid, because not created or declared by an instrument in writing, and that therefore the defendants cannot rely on them as supporting the mortgage. Gen. Sts. *c.* 100, § 19.

It is a sufficient answer to this argument, without considering other answers, that the trusts under which Churchill held the note and mortgage were not trusts concerning lands within the meaning of the statute. The note, or the money due upon it, was the property which he held in trust, and the mortgage is merely security for it. The note is the principal and the mortgage the accessory. The trusts were therefore concerning chattels and might be created or proved by parol. *Sturtevant* v. *Jaques*, 14 Allen, 523.                    *Bill dismissed.*