MUZZEY v. REARDON.

*Feme covert— Contract.*

A contract by a married woman, for groceries sold to her upon her promise to pay for the same out of wages to be earned by her under a subsisting contract with a third party, is not a contract made by her in respect to property held by her in her own right, and therefore is not within the provisions of Gen. Stats., ch. 164, sec. 13.

*Hammond* v. *Corbett*, 51 N. H. 311, distinguished.

FROM HILLSBOROUGH CIRCUIT COURT.

ASSUMPSIT, for groceries sold and delivered by the plaintiffs to the defendant.

The action was referred to a referee, who found for the defendant, and at the request of the plaintiffs reported the following facts found proved:

"The plaintiffs are grocery dealers, and the defendant is a married woman. The defendant and her husband live together as husband and wife, and did at the time of contracting the account sought to be recovered in this suit. February 5, 1873, the defendant went to the plaintiffs' store, being introduced to them by a person who was acquainted with them, and informed the plaintiffs that she was at work in the Stark Mills; that her husband had no work; and that she wanted to open an account with them for groceries for herself and family, and would pay them out of her earnings. There was money then due her from the Stark Mills for her labor.

"They relying upon her promise as above, and upon the representation that she was at work, furnished her with groceries from time to time up to about the first of April, 1873.

"March 5, 1873, she paid the amount then due.

"If upon the foregoing facts the plaintiffs are entitled to recover, the referee finds that the defendant did promise, &c., and assesses the damages in the sum of thirty-three dollars and ninety-nine cents; but if the court should be of the opinion that the plaintiffs are not entitled to recover, then judgment is to be rendered for the defendant for costs."

The questions of law arising on the foregoing case were transferred to this court by STANLEY, J., C. C.

*Jonathan Smith,* for the plaintiffs.

*D. P. & D. L. Perkins,* for the defendant.

SMITH, J. Is this a contract made by the defendant "in respect to her property," so as to make her liable under the provisions of Gen. Stats., ch. 164, sec. 13? The statute reads as follows: "Every married woman holding property in her own right shall have the same rights and remedies in relation thereto, and may sue and be sued in her own name, at law and in equity, upon any contract by her made or for any wrong by her done in respect to such property, and upon any contract by her made or for any wrong by her done before marriage, as if she were unmarried." This statute is a substantial re-enactment of the acts of 1846 and 1860. Their provisions have been several times before the court for interpretation, and the construction to be given to the language employed is well settled.

The decisions have been uniform, that the contracts which a married woman may make must be confined and have respect to the property itself. She may hold property to her own use, free from the interference of her husband, and may make contracts and incur liabilities connected with and growing out of that property, but not further. *Bailey v. Pearson,* 29 N. H. 77.

Accordingly it has been held, that where a married woman gave a note in renewal of one given by her while sole, she was not bound by it, although she had both real and personal estate by inheritance,

unless it was shown that she held it to her sole and separate use, and that the promise was made in respect to it. *Shannon* v. *Canney*, 44 N. H. 592.

It has also been held, that no action can be maintained against a married woman upon a promissory note given for money borrowed to pay the price of land to be conveyed to her to her sole and separate use. *Ames* v. *Foster*, 42 N. H. 381. This decision was put upon the ground that she could not bind herself in anticipation of the purchase of such separate estate.

The contract of a married woman to pay for the services of an attorney in prosecuting a libel for divorce against her husband, has been held to be in no sense a contract respecting her separate property. *Whipple* v. *Giles*, 55 N. H. 139.

A married woman may lease property which she holds to her sole and separate use, even to her husband—*Albin* v. *Lord*, 39 N. H. 196— it being a contract made by her with respect to such property. She may bring suit to enforce compliance with its terms. *Claremont Bank* v. *Clark*, 46 N. H. 134; *Clough* v. *Russell*, 55 N. H. 279. She is liable upon her promissory note given for the price of neat stock purchased by her during marriage for the use of a farm, of which she was seized to her sole and separate use. *Batchelder* v. *Sargent*, 47 N. H. 262.

In the recent case of *Hammond* v. *Corbett*, 51 N. H. 311, decided in July, 1870, the defendant, who was a married woman, contracted with the plaintiff for wood, agreeing to pay him therefor out of her state aid; and the plaintiff sold it to her, relying solely upon her promise and on the faith of her state aid. It was held that this was a contract made with special reference to the property (state aid) thus held by her, and that the plaintiff was entitled to recover. SARGENT, J., who delivered the opinion of the court, said,—" In *Ames* v. *Foster*, 42 N. H. 381, it was held that no action could be maintained against a married woman upon a note given for money hired by her to pay for land that was to be conveyed to her to her sole and separate use, because the power of the wife to bind herself by her contracts under the statute exists only where she at the time holds property to her separate use, and where the contract relates to such property. But the principle or reason of that case does not apply here, for in this case the wife *had the property*— the money—*at the time she made the contract,* and the contract was made with special reference to that property thus held by her at the time; and the promise was made and the credit was given with special reference to said property."

In *Little* v. *Johnson*, tried in Hillsborough county, January term, 1874, the claim in controversy was for services defending a suit against the defendant's husband, in which her property had been attached. The employment by the wife of counsel to defend a suit in which her property had been attached, for the purpose of relieving the property by defeating the action, was held by LADD, J., the judge who tried the cause, to be a contract in respect to her separate property; and the

action in favor of the attorney against her for his services was sustained.

It thus appears, that wherever a married woman has been held liable on her contracts, they were contracts made by her with reference to property which she held to her sole and separate use,—that is, contracts connected with and growing out of that property, and entered into with a view to improve, protect, use, enjoy, manage, or dispose of such property for her support or benefit.

In this case it is not stated, but we assume from the course the arguments have taken, that the defendant's wages, earned in working for the Stark Mills, were sufficient to pay the amount due for the groceries so furnished to her. It is conceded that wages, when earned, are property. Section 1 of the same chapter of the General Statutes speaks of the property of a married woman " earned " by her as well as acquired in other ways.

At the time the defendant entered into the contract, February 5, 1873, she had no property with reference to which she could contract. There was nothing then due her from the Stark Mills. She had performed no labor for that corporation for which she had not been paid. She had a contract with that corporation for the price of her labor as long as they both should agree, the proceeds of which, when earned, would be exclusively her own.

Herein is where this case differs from those above cited. At the time the defendant entered into the contract with the plaintiffs she had no property, and therefore could not contract with reference to what she did not possess. *Ames* v. *Foster, supra.* The most that can be said of it is, that she incurred a debt on the credit of wages which she had a contract with a corporation to earn by her personal labor.

We are not called upon to inquire into the soundness of the decision in *Hammond* v. *Corbett.* In that case stress is laid upon the fact that the state aid authorized by the statute of 1862, out of which the contract sprung, was set apart by the legislature for special use in furnishing the defendant and her family with necessaries; and the report of the case expressly shows that the defendant had the property (money) at the time she made the contract, and that it was made with special reference to that property.

In *Ames* v. *Foster*, BELL, C. J., very pertinently says,—" The court are not disposed to adopt a narrow construction of the statute on this subject; but they are at the same time painfully aware that wherever the line may be drawn, it will be long before the public will understand and recognize the point where the power of a married woman to bind herself by her bargain ceases, and that frauds upon the thoughtless and inconsiderate must often occur." This is one of those cases. The plaintiffs, relying upon the defendant's promise, have parted with their goods to her, which they otherwise would not have done. But the ancient rule that renders a married woman unable to contract, would be wholly inoperative if she could bind herself by a contract not made in respect to her own property, or made when she has no property upon

which it can operate. The court cannot usurp the functions of the leg-islature. If the capacity of married women to contract ought to be enlarged, the remedy is with the legislature and not with the court.*

The defendant is entitled to judgment on the report.

CUSHING, C. J., and LADD, J., concurred.

*Judgment on the report.*

---

* At the June session of the legislature, 1876, the power of a married woman to make contracts was enlarged to the same extent as that of a *feme sole*, save only that she cannot bind herself as surety or guarantor for her husband. Ch. 32, Laws of 1876, p. 580.