## HOLT *v.* HOLT.

If A, at an agreed price, let B take a watch to sell, upon the condition that it is to remain A's till paid for or sold, the title does not pass from A until one of the contingencies occurs.

TROVER, for a watch. Facts found by a referee. The watch was the property of the plaintiff, and for the purpose of enabling one Ward, who was a cripple, in debt, and without means, to make a profit in trading watches, the plaintiff let Ward have the watch, and another, at prices agreed upon, on condition that they should remain the plaintiff's till paid for. It also appeared, that if Ward sold the watches he was to pay the plaintiff for them promptly. The watch was attached by the defendant, a deputy sheriff, as the property of Ward. The court ordered judgment for the plaintiff on the report, and the defendant excepted.

*Faulkner*, for the plaintiff.

*Woodward & Wellington*, for the defendant.

BINGHAM, J. The law is well settled, that when property is sold upon the condition that it is to remain the vendor's till it is paid for, the title does not pass until the condition is performed. Neither can it be attached and sold as the property of the vendee, on his debts. *McFarland* v. *Farmer*, 42 N. H. 386.

Ward received the watch to sell. The effect of this was to give him the right to pass the title of the plaintiff by a sale. Two contingencies were created by the contract, upon which the title of the plaintiff was to pass. 1. When the watch was paid for. 2. When it was sold. Does the additional contingency make the case an exception to the general rule? We are unable to see that it does. Neither contingency had happened at the time of the attachment, and the title to the property remained in the plaintiff. *Kimball* v. *Jackman*, 42 N. H. 242 ; *Fisk* v. *Ewen*, 46 N. H. 173.

*Exceptions overruled.*

ALLEN, J., did not sit.