An agreement between husband and wife, having for its object a dissolution of the marriage contract, is contrary to sound public policy; and a note and mortgage, executed in pursuance of such an agreement, are illegal and void.

WRIT OF ENTRY, on a mortgage. Facts agreed. In 1862, the plaintiff being the wife of the defendant, he made to her a voluntary conveyance of the land. In 1875, each being about to sue for a divorce, they made this compromise: She should convey the land to him; he should give notes of a certain amount to M., for the benefit of the plaintiff, and the mortgage to secure the notes; she should file a libel for divorce for a certain cause; he should accept service of process, and make no defence; if a divorce was decreed, she should have the custody of one of their three children, and he of the other two; he should send to the court, as witnesses for her, the two children who were to remain with him; and he should not attempt to obtain a divorce for a certain cause. This agreement was executed;

ₗthe plaintiff obtained a divorce; and M. endorsed the notes, and assigned the mortgage to her.

*Aldrich & Parsons*, for the plaintiff.

The plaintiff's conveyance of the land to the defendant was a good consideration for the notes. The defendant should not be allowed to set up public policy to enable him fraudulently to deprive her of her own property, and her right of alimony.

*Ray, Drew & Jordan*, for the defendant.

CLARK, J. When the notes and mortgage were given, the plaintiff was the wife of the defendant; and the principal object of the agreement, in pursuance of which the notes and mortgage were executed, was to obtain a collusive divorce. Such an agreement is contrary to sound public policy, and consequently illegal and void. The marriage contract is not to be dissolved or determined at the will or caprice of the parties. If annulled, it must be in accordance with the requirements of the law, and in due course of legal proceedings. The whole agreement and proceedings of the parties in this case were a fraud upon the law, and if the facts had come to the knowledge of the court a divorce would not have been granted. The law will not aid either party in enforcing their illegal contract. The consideration of the notes secured by the mortgage being illegal and void, the action cannot be maintained. The principles of law governing this case were considered and settled in *Sayles* v. *Sayles*, 21 N. H. 312, and *Weeks* v. *Hill*, 38 N. H. 199.

*Judgment for the defendant.*