THOMPSON *v.* ELA.

Before the passage of *c.* 32 of Laws of 1876, a married woman could make a valid mortgage of her separate estate to secure the payment of a debt of her husband.

An error in the name of a former owner of the land does not render a deed void for uncertainty, when sufficient remains to designate the premises intended to be conveyed after rejecting the erroneous description.

In the absence of fraud, a deed cannot be avoided by showing that the grantor executed it in ignorance of its contents.

In a foreclosure of mortgage by peaceable entry, the record of the affidavits of the party and witnesses, and of the published notice, as provided in Gen. St., *c.* 122, *s.* 16, is not a part of the process of foreclosure, but only a mode of preserving the evidence of it.

The remedy of a party aggrieved by the judgment of a magistrate, after the time for appeal has elapsed, is by a petition for a new trial.

BILL IN EQUITY, for an injunction. The opinion states the facts.

*Shirley,* for the plaintiff.

*Spring,* for the defendant.

CLARK, J.   On the sixteenth day of March, 1868, the plaintiff was the owner of three undivided sevenths of a farm in Lebanon, in her own right, and her husband, Franklin O. Thompson, was the owner of the remaining four sevenths, and on that day the defendant Ela loaned to the plaintiff's husband the sum of $1700, and the plaintiff and her husband executed and delivered to the defendant a note for the $1700, and a mortgage upon the Lebanon farm to secure the same. The plaintiff now asks to be relieved from the mortgage, claiming that a mortgage executed by a married woman of her separate estate, to secure a debt of her husband, is void.

Whatever may be the construction of c. 32 of the Laws of 1876, which we are not now called upon to determine, it is certain that prior to the passage of that act there was no statute of this state limiting or abridging the rights and powers of married women relative to their separate estates.   The power of the wife to convey her separate estate, by joining in a deed with her husband, has never been questioned. *Gordon* v. *Haywood*, 2 N. H. 402, 404; *Woodward* v. *Seaver*, 38 N. H. 29; *Eaton* v. *George*, 40 N. H. 258.   It is also settled in this state that a married woman can bind her separate estate by mortgage. *Albin* v. *Lord*, 39 N. H. 196; *Batchelder* v. *Sargent*, 47 N. H. 262, 264; *Messer* v. *Smyth*, 58 N. H. 298.   The authorities are numerous and substantially uniform in support of the validity of a married woman's mortgage of her separate estate made to secure a debt of her husband's.   In *Stephen* v. *Beall*, 22 Wall. 329, 337, HUNT, J., in delivering the opinion of the court, says,—" The doctrine that a married woman has the power to charge her separate estate with the payment of her husband's debts, or any other debt contracted by her as principal or as surety, has been uniformly sustained for a long period of time."   In Jones on Mortgages it is said, whatever conflict there may be in the authorities as to the ability of a wife to charge herself personally for any debts not contracted for her own benefit, there is a general unanimity in holding that a mortgage of her property may be enforced, whether made for her benefit or not; and that a married woman may make a valid mortgage of her separate property to secure the payment of the debt of her husband.   Jones on Mort., ss. 109, 113.   To the same effect are 1 Hilliard on Mort. 6, 7; *Eaton* v. *Nason*, 47 Me. 132; *Bartlett* v. *Bartlett*, 4 Allen 440; *Thacher* v. *Churchill*, 118 Mass. 108; *Willard* v. *Eastham*, 15 Gray 328; *Yale* v. *Dederer*, 18 N. Y. 265; *Ins. Co.* v. *Babcock*, 42 N. Y. 626.

If a married woman has the same power over her separate estate as if she were unmarried to convey it by mortgage, we see no reason why she may not mortgage it to secure her husband's debt, if she chooses voluntarily to do so, in the absence of any statutory prohibition; and we are of opinion that the mortgage of the plaintiff and her husband to the defendant was valid and binding upon the estate of the plaintiff in the Lebanon farm.   *Babbitt* v. *Morrison*, 58 N. H. 419.

The plaintiff claims that the mortgage is void for uncertainty in

the description of the premises. The error consists in using the name of Jonathan Howe instead of John Howe as a former owner of the premises, and the person who held a life lease upon the same. In other respects the description is correct. The error is apparent upon an examination of the deeds referred to in the description: the plaintiff and her husband were living upon the premises when the mortgage was executed; Jonathan Howe had never conveyed to them or either of them any land in Lebanon; the premises were the same conveyed by Richard S. Howe and wife, as stated in the mortgage; and, rejecting that portion of the description which is erroneous, sufficient remains to designate the premises intended to be conveyed. *Drew* v. *Drew*, 28 N. H. 489; *Eastman* v. *Knight*, 35 N. H. 551; *Packard* v. *Putnam*, 57 N. H. 43, 51. The plaintiff also claims that the mortgage is void, because, as she alleges, she did not understand when the mortgage was executed that it included any of her own land; and the case finds that she supposed and understood the mortgage included only her husband's four sevenths of the land, and that she did not intend to give a mortgage of any part of her land. It also appears that the defendant was guilty of no fraud in procuring the mortgage, and was ignorant of the plaintiff's understanding in regard to it, until a short time before he commenced proceedings for foreclosure. Can the plaintiff avoid the mortgage because she was ignorant of its contents? It appearing that no fraud was practised upon her, and that she was under no restraint or coercion, we think she cannot. The defendant, in good faith, relying upon the security of the mortgage, loaned his money to the plaintiff's husband, which has not been repaid. He was not in fault for the plaintiff's ignorance of the contents of the mortgage. If she neglected to read it or to ascertain its contents, it was her own negligence. No deception was practised upon her, and there is no principle of equity upon which she can avoid the mortgage upon the facts stated. *White* v. *Graves*, 107 Mass. 325; *Faucett* v. *Currier*, 109 Mass. 79; *Thacher* v. *Churchill*, 118 Mass. 108; *Withington* v. *Warren*, 10 Met. 434; *McCobb* v. *Richardson*, 24 Me. 82; Kerr on Fraud and Mistake 407; *Comegys* v. *Clarke*, 44 Md. 108; II Washburn on Real Property 576, *s.* 17, where it is said, "If a party can read, it is not open to him, after executing it, to insist that the terms of a deed were different from what he supposed them to be when he signed it. Nor could one who is unable to read be admitted to object that he was misled in signing a deed, unless he had requested to hear it read, and this had not been done, or a false reading had been made to him, or its contents falsely stated." See, also, Story's Eq., *s.* 146.

March 8, 1875, the defendant, at the house of the plaintiff, on the mortgaged premises, in the presence of two witnesses, declared that he entered peaceably for the purpose of foreclosing his mortgage, and at the same time the plaintiff and her husband executed an agreement in writing, under seal, that the plaintiff would occupy the premises as tenant of the defendant for the term of one year, paying rent

and taxes, and at the end of the year quit the same. Subject to the plaintiff's exception, the defendant put in evidence the affidavits of the defendant as to the entry for foreclosure, and of one witness only, sworn Feb. 23, 1877, and a copy of the foreclosure notice with proof of publication in a Lebanon newspaper, three weeks successively in July and August, 1875, all recorded in Grafton registry of deeds, Feb. 23, 1877. By the entry of the defendant, March 8, 1875, the publication of the notice of foreclosure, and the occupation of the premises by the plaintiff, as tenant of the defendant, for one year, the mortgage was properly foreclosed. *Kittredge* v. *Bellows*, 4 N. H. 433 ; *Colby* v. *Poor*, 15 N. H. 198 ; *Howard* v. *Handy*, 35 N. H. 315 ; Gen. St., *c.* 122, *s.* 14. The statute does not require that the entry shall be made in the presence of any particular number of witnesses. It appears, however, to have been made in the presence of two witnesses in this case. The recording of the affidavits of the party and witnesses, and of the published notice, as provided in Gen. St., *c.* 122, *s.* 14, is no part of the process of foreclosure. It is a mode of preserving the evidence of the foreclosure, prescribed by the statute ; and the affidavits of the defendant, the witness, and the copy of the foreclosure notice were properly received in evidence.

The plaintiff also prays that the defendant be enjoined from making any use against her of a judgment of a justice of the peace, rendered against her and her husband, March 24, 1877, in a proceeding under the landlord and tenant act, instituted by the defendant Ela, to recover possession of the mortgaged premises, after the foreclosure of the mortgage had been completed. It appears that the plaintiff and her husband, having been summoned before a justice of the peace under the landlord and tenant act, March 23, 1877, filed a plea of soil and freehold, an order of transfer to the supreme court was made, and an adjournment had to enable them to get sureties. At a later hour the same day, the husband went before the magistrate and recognized in due form with two sureties, according to the order made, and the magistrate afterwards went to the house and took the recognizance of the plaintiff, she being sick at the time. It was understood by the sureties, the principals, and the magistrate, when the sureties recognized, that they were sufficient, and no objection was then made. Objection afterwards being made by the defendant Ela (plaintiff in that case) to the sufficiency of the sureties, the magistrate informed the plaintiff's husband that he must get further sureties, which not being done, judgment was ·rendered for the possession of the land. Whether upon these facts there was such irregularity in the proceedings as to invalidate the judgment we do not determine, as we are of opinion that the plaintiff has an adequate remedy at law by a petition for a new trial.

*Bill dismissed.*

ALLEN, J., did not sit.