## MERRIMACK.

BABBITT *&amp; a.* v. MORRISON *and Wife.*

58a 419
66 143
66 620

Section 13 of *c.* 164, Gen. St., was an enabling, not a disabling, act. It enlarged the common-law rights of a married woman, but did not abridge her power to charge her separate estate with the payment of her husband's debts.

BILL IN EQUITY, to foreclose a mortgage made, June 1, 1875, by the defendants to the plaintiffs, to secure the payment of money loaned at the same time by the plaintiffs to Mr. Morrison, as to whom the bill was taken *pro confesso.* Mrs. Morrison answered, claiming that part of the land was hers, and that, as to that part, her coverture was a defence.

*Pike &amp; Blodgett,* for the plaintiffs, cited *Crane* v. *Thurston,* 4 N. H. 418, 423; *Albin* v. *Lord,* 39 N. H. 196, 204; *Batchelder* v. *Sargent,* 47 N. H. 262, 265; *Stephen* v. *Beall,* 22 Wall. 329, 337, 338; *Eaton* v. *Nason,* 47 Me. 134; *Maxon* v. *Scott,* 55 N. Y. 247; *Nash* v. *Spofford,* 10 Met. 192; *Willard* v. *Eastham,* 15 Gray 328, 335; *Bartlett* v. *Bartlett,* 4 Allen 440; *Heburn* v. *Warner,* 112 Mass. 271; *Thacher* v. *Churchill,* 118 Mass. 108; *Jones* v. *Crosthwaite,* 17 Iowa 393, 399; 2 Bl. Com. 292, *n.;* 2 Kent. Com. 167; 2 Story Eq., *ss.* 1,378–1,401 *a;* 1 Bishop Law of Married Women, *c.* 36; 2 id. *c.* 17.

*Murray,* for Mrs. Morrison.

DOE, C. J. The statute in force when the mortgage was made was an enabling, not a disabling, act. It enlarged the common-law rights of a married woman, but did not abridge her power to charge her separate estate with the payment of her husband's debts. The plaintiffs are entitled to judgment.

*Case discharged.*

FOSTER, J., did not sit.