FERREN *v.* MOORE.

A husband's duty of supporting his wife is not terminated by her adultery, committed with his consent given upon condition that she shall not look to him for support.

ASSUMPSIT, for necessaries furnished the wife of the defendant while living separate from him. Facts found by a referee.

*Sulloway & Topliff*, for the plaintiff.

*Straw* and *C. R. Morrison*, for the defendant.

DOE, C. J.   As we understand the referee's report, the question is, whether the defendant's duty to support his wife ceased when she committed adultery in pursuance of his express written license, given, with deliberation and without solicitation, upon condition that she should not look to him for support.   What he consented to he cannot complain of in this suit.   The execution of their agreement that she should violate their marriage contract was not a justification of his violating that contract by turning her out of doors, and refusing to support her.   He can no more enforce the condition of his license than he could maintain an action upon her promise, or the promise of any other person, to pay him for the license a sum equal in value to a release of his obligation of support.   That obligation, whatever it is, cannot be avoided by such illegal bargains.   Marital rights and duties are established by law.   The marriage contract may be broken by either party, with or without the consent of the other; but it cannot be rescinded or modified by them.   *Cross* v. *Cross*, 58 N. H. 373.   The plaintiff is in no way connected with the lawless transaction.   The case does not raise the question whether the husband's duty of supporting his wife, when she is able to support herself, is, under any circumstances, in any degree, affected by modern legislation, or the question whether the obligation of support is mutual.   *Harris* v. *Webster*, 58 N. H. 481; 1 Parsons Contracts 350; *Walker* v. *Laighton*, 31 N. H. 111; *Tebbets* v. *Hapgood*, 34 N. H. 420; *Morris* v. *Palmer*, 39 N. H. 123, 126; *Morrison* v. *Holt*, 42 N. H. 478.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.