## BUSS *v.* WOODWARD & a.

An absolute conveyance by a married woman of her separate real estate to a creditor of her husband, with an oral agreement that it shall be held by the creditor as security for the debt, and be reconveyed to her when the debt is paid, is a " conveyance " by her " as surety or guarantor for her husband," within the meaning of *c.* 32, Laws of 1876, and is not " binding on her."

BILL IN EQUITY, by Mrs. Buss against Mrs. Woodward and Mr. Forbush for redemption of land.   The defendants demur to the bill, which avers the following facts:   July 30, 1877, the plaintiff's husband desiring to hire money for his own use, the plaintiff and Mrs. Woodward orally agreed that Mrs. Woodward would loan Mr. Buss $200, and take from the plaintiff an absolute deed of her land, to be held by Mrs. Woodward as security, and reconveyed to the plaintiff on payment of the debt; and, in pursuance of this agreement, the money was loaned, and the land was conveyed as security:   July 5, 1878, in execution of a conspiracy of the defendants to defraud the plaintiff, Mrs. Woodward conveyed the land to Forbush to enable him to turn the plaintiff out of possession, and deprive her of her right, for the benefit of Mrs. Woodward, both the defendants well knowing all the facts, and the right and claim of the plaintiff.   The plaintiff tendered to the defendants the amount of the debt and interest, and all charges

and expenses, and requested a reconveyance of the land. The defendants would not accept payment, and refused to convey the land to the plaintiff. The plaintiff prays for an ascertainment of the amount equitably due, and for a decree requiring a conveyance of the land to her upon payment of the amount due.

*Woodward*, for the plaintiff.

*Batchelder & Faulkner*, for the defendants.

The plaintiff's absolute deed cannot be regarded as a mortgage. G. L., c. 136, s. 2; *Graves* v. *Graves*, 29 N. H. 129; *Farrington* v. *Barr*, 36 N. H. 86; *Taylor* v. *Sayles*, 57 N. H. 465. Decisions in jurisdictions not governed by such statutes as ours are not in point. *Glass* v. *Hulbert*, 102 Mass. 24, 37.

DOE, C. J. "No contract or conveyance by a married woman as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her. Laws 1876, c. 32. This chapter is entitled "An act to remove the disabilities of married women;" but, so far as it applies to this case, it is a disabling act, imposing a new protective incapacity. At common law, a married woman could charge her separate estate with the payment of her husband's debts. *Babbitt* v. *Morrison*, 58 N. H. 419; *Thompson* v. *Ela*, 58 N. H. 490. By this statute no "conveyance by a married woman as surety or guarantor for her husband" is binding on her. The plaintiff's conveyance of her land as security for her husband's debt, was a conveyance by her as surety for him, within the meaning of the statute. Laws 1877, c. 22. She asks equitable relief upon payment of the debt, and the bill shows no legal or equitable ground on which she can be estopped to claim the protection of her new disability.

*Demurrer overruled.*

BINGHAM and CLARK, JJ., did not sit: the others concurred.