## PENACOOK SAVINGS BANK *v.* SANBORN.

A note signed with her husband, for his debt, by a married woman holding property in her own right, is not a contract in respect to her property, within the meaning of Gen. Sts., c. 164, s. 13.

Want of legal capacity cannot be supplied by estoppel.

ASSUMPSIT, on a note signed by the defendant. Plea of coverture. Facts found by a referee. January 27, 1872, the defendant's husband gave D. his note for $181.67, payable in six months, which D. indorsed to the plaintiffs, who held it until the note in suit was given, the husband paying the interest thereon. The note was given for money borrowed and goods purchased by the

husband, no part of which went into the defendant's separate estate. October 30, 1873, the plaintiffs requiring payment or further security, D. requested the husband to give a new note signed by himself and the defendant, to take the place of the old note. The husband had previously told D. that his wife owned separate property, and would sign the note. The note in suit was written, taken by the husband to his home, and signed by him and by the defendant. Neither D. nor the plaintiffs were present when the note was signed, and they never had any talk with the defendant about it. The husband took the note to the plaintiffs' place of business, where it was indorsed by D., and exchanged with the plaintiffs for the note previously given by the husband, that note being the only consideration for the note in suit. The plaintiffs had no knowledge of the consideration of the original note. When the defendant signed the note, she owned real estate in her own right. The husband was then insolvent, and has since obtained a discharge in bankruptcy. When the note in suit was given, the plaintiffs knew the husband was insolvent; that the defendant was his wife, and owned real estate in her own right; and in taking the note they relied on the credit of the defendant based on her separate estate.

*Butler*, for the plaintiffs. As to every married woman holding property in her own right, her common-law disability to make contracts is to a certain extent removed. In all cases where she obtains credit upon the faith of, and based upon, the fact of the ownership of separate property, she is bound. The words "in relation to" in the statute do not mean that the contract must be limited to the payment for separate estate, or the procurement of something to be added, or done to, or about, the separate property. If the credit is based upon the ownership of such property, she is bound by her promise to pay. This construction of the statute is recognized in *Hammond* v. *Corbett*, 51 N. H. 311, *Muzzey* v. *Reardon*, 57 N. H. 378, *Read* v. *Hall*, *ib.* 482, *Messer* v. *Smyth*, 58 N. H. 298, *Brigham* v. *Gilmartin*, *ib.* 346, *Todd* v. *Lee*, 15 Wis. 365, and *Major* v. *Symmes*, 19 Ind. 117. The defendant voluntarily put her negotiable promissory note into the market; and the plaintiffs, relying on her promise based on her separate estate, have extended the time of payment of the original debt, and she is now estopped to deny her liability on the note. *Read* v. *Hall, supra; Corbett* v. *Norcross*, 35 N. H. 99; *Wells* v. *Pierce*, 27 N. H. 503. It is contended that the defendant could not bind herself as surety for her husband; but it has recently been held that a married woman could make a valid mortgage of her separate estate to secure her husband's debt. *Babbitt* v. *Morrison*, 58 N. H. 419; *Thompson* v. *Ela*, 58 N. H. 490. Therefore, if the doctrine contended for is sustained, we have this anomaly in the law,—that a note signed by the wife as surety for her husband is void as against

her, but a mortgage of her separate estate, made by her to secure the same void note, is valid and binding.

*Chase & Streeter*, for the defendant. The defendant, at the time she made the contract in question, owned in her own right a set of buildings and about eleven acres of land. Her contract was one of suretyship for her husband upon his promissory note. As to her, it was without consideration. In its terms, it does not apply or refer to her property. It has been decided in this state, both inferentially and expressly, that such a contract is not made valid by any statute provision. Inferentially: in *Ames* v. *Foster*, 42 N. H. 381; *Shannon* v. *Canney*, 44 N. H. 592; *Carleton* v. *Haywood*, 49 N. H. 314; *Hammond* v. *Corbett*, 51 N. H. 311; *Whipple* v. *Giles*, 55 N. H. 139; *Blake* v. *Hall*, 57 N. H. 373; *Muzzey* v. *Reardon*, *ib.* 378; *Read* v. *Hall*, *ib.* 482; *Messer* v. *Smyth*, 58 N. N. 298. Expressly: in *Bailey* v. *Pearson*, 29 N. H. 77.

In other states having statute provisions similar to ours, courts have decided that the contract of a married woman as surety for her husband is not one in respect to her separate property, and that it is void. *Athol Machine Company* v. *Fuller*, 107 Mass. 437; *Yale* v. *Wheelock*, 109 Mass. 502; *De Vries* v. *Conklin*, 22 Mich. 255; *West* v. *Laraway*, 28 Mich. 464; *Perkins* v. *Elliott*, 8 C. E. Greene. 526; *Wolff* v. *Van Metre*, 19 Iowa 134—*S. C.*, 23 Iowa 397; *Coats* v. *McKee*, 26 Ind. 223; *Schmidt* v. *Postel*, 63 Ill. 58; *Yale* v. *Dederer*, 18 N. Y. 265, 276; *Willard* v. *Eastham*, 15 Gray 328; *Parker* v. *Simonds*, 1 Allen 258; *Williams* v. *Hugunin*, 69 Ill. 214; Jones Mort., *s.* 110.

The defendant is not estopped to deny her liability upon the note. A married woman cannot, by her own act, enlarge her capacity to bind her separate estate. In order to work an estoppel the parties must be *sui juris* competent to contract. It is for this reason that a married woman is not estopped by her contracts. This point was expressly decided in *Bank* v. *Buzzell*, *ante* 189. See, also, the following authorities there cited: *Bank of America* v. *Banks*, 101 U. S. 247; *Palmer* v. *Cross*, 1 Sm. & M. 48; *Jackson* v. *Vanderheyden*, 17 Johns. 167; Big. Est. 276; *Lowell* v. *Daniels*, 2 Gray 161; 2 Bish. Mar. Wom., *c.* 36.

The plaintiffs contend that a married woman can bind herself as surety upon her husband's note, because it has been held in this state, in *Thompson* v. *Ela* and *Babbitt* v. *Morrison*, cited by them, that she may make a valid mortgage of her real estate to secure his debt. This conclusion does not follow from the premises, and the authorities are the other way. A married woman's mortgage of her real estate is a contract in respect to that estate: it is a conditional conveyance thereof. And jointly with her husband she has the power to convey her real estate. She may thus convey it absolutely, or conditionally—for a consideration, or without one. For these reasons her mortgage to secure the husband's debt is

held to be valid.   See *Thompson* v. *Ela*, 58 N. H. 490;—also, 1
Jones Mort., *s.* 109, *et seq.; Bartlett* v. *Bartlett*, 4 Allen 440;
*Thacher* v. *Churchill*, 118 Mass. 108.

But it is said the mortgage is an incident to the note, and if the
latter is void the former must be, and *vice versa*.   A sufficient
answer to this position is, that the court in this state have not yet
decided that a married woman's mortgage, made to secure her void
note, is valid.   In both of the cases above cited, the notes secured
by the mortgages were signed also by the husband, and were valid
against him.   Being valid notes against the husband, they would
sustain the mortgages against the wife.   See authorities above cited.

In Massachusetts the court hold that the contract of a married
woman as surety for her husband upon his note is void.   *Athol
Machine Company* v. *Fuller* and *Yale* v. *Wheelock, supra*.   They
also hold that her mortgage of her real estate to secure his debt is
valid.   *Bartlett* v. *Bartlett* and *Thacher* v. *Churchill, supra*.   And
there is no conflict between these decisions.   Compare, also, *De
Vries* v. *Conklin, supra*, with *Watson* v. *Thurber*, 11 Mich. 457.

CLARK, J.   The note in suit, being the note of a married woman,
is void, unless it comes within that class of cases respecting which
the common-law disability of married women has been removed by
statute.   The note of a married woman being void at common law
by reason of incapacity to make a contract, there is no estoppel,
because want of legal capacity cannot be supplied by estoppel.
*Bank* v. *Buzzell, ante* 189.   At the time of making the note the
defendant held property in her own right, consisting of land and
buildings; and if the note is valid and binding upon her, it became
so by reason of being a contract made in respect to her separate
property.   Gen. St., *c.* 164, *s.* 13.   The consideration of the note
was the surrender of a previous note, signed by the defendant's
husband, to which the defendant was not a party and in which she
had no interest.   She received no part of the consideration of the
original note, neither was the note in suit given in consideration of
any benefit accruing or accrued to her or to her separate property.
The entire contract of the defendant was embodied in the note.
It was a promise to pay the debt of her husband.   It was not, and
it did not purport to be, a promise to pay out of her separate estate,
and no representations were made by her that it should be so paid,
or that could in any way connect the promise with her separate
property, as the case finds that neither the payee of the note nor
the plaintiffs were present when the note was signed, and that they
never had any talk with the defendant about it.   Upon these facts
the note cannot be regarded as a contract in respect to the defend-
ant's separate property, and none of the adjudged cases authorize
a construction of the statute broad enough to include it as such.
*Bailey* v. *Pearson*, 29 N. H. 77; *Shannon* v. *Canney*, 44 N. H.
592; *Hammond* v. *Corbett*, 51 N. H. 311; *Batchelder* v. *Sargent,*

47 N. H. 262; *Muzzey* v. *Reardon*, 57 N. H. 378; *Read* v. *Hall*, *ib.* 482; *Messer* v. *Smyth*, 58 N. H. 298.

At common law, a married woman could, by mortgage, charge her separate estate with the payment of her husband's debt. *Babbitt* v. *Morrison*, 58 N. H. 419; *Thompson* v. *Ela*, 58 N. H. 490. In those cases the note of the husband was sufficient to sustain the mortgage. As the wife could make an absolute conveyance of her property in payment of his debt, so she could make a conditional conveyance of the same property as security for the payment of the same debt.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.