## LUTHER *v.* AUSTIN A. COTE and IDA A. COTE.

When personal property is sold and delivered to the vendee upon the condition that it shall remain the vendor's till paid for, the title does not pass until the condition is performed.

A married woman could not bind herself by contract, under Gen. Sts., c. 164, s. 13, unless such contract was in respect to her separate estate; nor under the statute of 1876 (Laws of 1876, c. 32) as surety or guarantor for her husband, or in any undertaking by her for him or in his behalf.

ASSUMPSIT, on a promissory note signed by the defendants. Facts found by referees.

"Austin A. Cote did promise as alleged, etc. In reference to the other defendant, we find that said Ida A. Cote was born September 3, 1854; was married to said Austin A. in 1870, and was divorced from him in 1878. In June, 1875, said Austin A. went to the plaintiff's residence and looked at a three-year-old colt, and wanted to buy it of the plaintiff on credit. The plaintiff declined to sell the colt to said Austin A., on a credit to him. The colt was then taken to where the defendants lived, at West Stewartstown, and the price was agreed on at $140. The plaintiff then learned that said Ida A. was not twenty-one years old, and he concluded that he would not sell the colt and take the note of the defendants in common form. He went to a lawyer and procured a note to be written for the price, with a condition that the colt should be the property of the plaintiff until the price should be paid. This note the defendants both signed, and the colt was delivered by the plaintiff. He says that the sale was made to the defendant Ida A. Cote; but she says that it was not, but that she signed the note at the request of her husband, with no expectation that she was buying the colt. We find that the plaintiff did not intend to part with his title to the colt until the defendant Ida A. should become legally liable to pay for it; but we are not agreed as to whether she ever understood that she was buying the colt. We think that the finding of this fact, one way or the other, will not alter the case on the facts that we do agree to find.

"From 1873 to now, the defendant Ida A. has owned a farm in Stewartstown, in her own right, of considerable value, and has for most of the time had some stock and personal property upon it.

VOL. LXI.    10

The colt was not bought to be put upon or used upon the farm. The plaintiff did not understand that it was bought for that purpose; and it never was kept or used on the farm. The winter after the purchase, Austin A. sold the colt, and used the avails of the sale. Some time before June, 1876, the plaintiff found that the colt had been sold; and he went to said Cote's house and wanted a new note made and signed, which was done, and was signed by said Austin A. and Ida A.; and the conditional note was given up. The plaintiff wanted this done because said Ida A. had then become of age.

"February 3, 1877, the last note was given up, and the one in suit, a joint and several note, taken for its amount and interest. We find that, under the circumstances as above stated, when the second note was given the debt was one that as between said Austin A. and Ida A. he ought to have paid, and that said Ida A. Cote's undertaking on the note in suit was as surety for her husband, and that she is not therefore in law liable."

The plaintiff claims judgment against both defendants. Ida A. claims judgment on the facts reported.

*Ladd & Fletcher*, for the plaintiff.

*Ray, Drew & Jordan*, for Ida A. Cote.

BLODGETT, J.    At the time the conditional note was given, the defendant Ida could not legally contract, except in respect to her separate estate (Gen. Sts., *c.* 164, *s.* 13); and as, by the contract, the colt was to remain the plaintiff's until paid for, and as it has never been paid for, it is obvious that the title did not pass to Ida *(Holt v. Holt,* 58 N. H. 276), and consequently that the contract was not one in respect to her separate property. In the view most unfavorable to her, she was, at most, simply the conditional vendee of the colt, and held it as bailee of the vendor *(King v. Bates,* 57 N. H. 446), and if any possible right in it could attach to or become part of her separate estate, it would be only the right to perfect the title by the performance of the condition; and, moreover, the facts show not only that there was no intention that the colt should become part of such estate, but also that the contract was not binding upon her because she was a minor. It is therefore very plain that the first note had no validity as against her; and it is equally plain that the understanding of the plaintiff, as to her liability, was entirely immaterial.

The sale by the husband terminated the bailment, and gave the plaintiff the right to take possession of the colt wherever he could find it; but, on the contrary, he ratified the sale, from which this defendant derived no benefit, by surrendering the conditional note and taking another without condition. But the debt thus created did not bind the wife, because under the statutes then in force it

did not arise in respect of her separate estate; and if it be said that her disability to contract generally was removed by the statute of 1876 (Laws of 1876, c. 32, s. 1), and that therefore the note in suit must be regarded as valid, a decisive answer is, that her undertaking thereon was and is clearly as surety and in behalf of her husband, and consequently invalid, because that statute provided that "no contract  *  *  by a married woman as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her."

The defendant Ida is entitled to

*Judgment on the report.*

ALLEN J., did not sit: the others concurred.