WEEKS *v.* ABBOTT & *a.*

A married woman is liable to an attorney on her personal contract with him for his services in defending her husband in a civil action in which a judgment against him might be collected from property conveyed to her by her husband without consideration.

ASSUMPSIT, for attorney's services. Facts found by a referee. The defendants are husband and wife. The wife requested the plaintiff, an attorney, to defend her husband in a suit brought against him, and the plaintiff, relying on her promise to pay him, rendered the services for which he seeks to recover in this action. Before the contract, the husband, being insolvent, had conveyed to his wife, without consideration, his farm and personal estate, and she understood, if there should be judgment against her husband in the suit against him, there would be an attempt to collect that judgment from the property conveyed to her, and she expected to pay it. She was interested to defeat that action and so escape payment of the judgment, or avoid the trouble and expense of maintaining her title to the property in threatened litigation. The referee reported against both defendants, and judgment was ordered on the report. Mrs. Abbott excepted.

*E. C. Banfield* and *Copeland & Edgerly*, for the defendants.

*F. Weeks*, for the plaintiff.

ALLEN, J. The contract made by Alvina A. Abbott with the plaintiff, for his services in defending her husband in the suit against him, was a contract in behalf of her husband, and also one intended for the protection of her interest in the property conveyed by him to her without consideration. While the promise to pay for services in her husband's defence was an undertaking in his behalf, and, if that alone, was within the meaning of G. L., *c.* 183, *s.* 12, and not binding upon her, it was, also, a promise to pay for services in the protection of her own property, and so was a promise on her own account, on a sufficient and legal consideration. The fact that the undertaking was in her husband's behalf did not make it one not in her own behalf, and it was not on that account any less binding on her. The protection of her own interest was a good consideration for her promise, and that consideration was not made unlawful nor of no effect because the services of the plaintiff were to be rendered for the husband.

*Exceptions overruled.*

SMITH, J., did not sit; the others concurred.