PARSONS v. McLANE.
WEAVER v. McLANE.

The contract of a married woman to pay for medical attendance upon her husband is binding.

ASSUMPSIT, for medical attendance on the defendant's husband. Facts found by the court. December 14, 1882, the plaintiffs, practising physicians, were called by the defendant to visit her husband. He had no property, his recovery was regarded as improbable, and the plaintiffs were reluctant to attend him. The defendant urged them to do so, saying that her husband's life was insured for her benefit, and that she would employ and pay them. At that time the defendant had no estate in her own right. Relying upon the defendant's promise, the plaintiffs attended her husband professionally until his death. The defendant has received the insurance on her husband's life.

*B. F. Clark* and *R. M. Wallace*, for the plaintiffs.

*G. E. Cochrane*, for the defendant.

CARPENTER, J. " Every married woman shall have the same rights and remedies, and shall be subject to the same liabilities in relation to property held by her in her own right, as if she were unmarried, and may make contracts, and sue and be sued, in all matters in law and equity, and upon any contract by her made, or for any wrong by her done before marriage, as if she were unmarried; provided, however, that the authority hereby given to make contracts shall not affect the laws heretofore in force as to contracts between husband and wife; and provided, also, that no contract or conveyance by a married woman, of property held by her

in her own right, as surety or guarantor for the husband, nor any undertaking by her for him or in his behalf, shall be binding on her." Gen. Laws, *c.* 183, *s.* 12. Since the passage of the act of July 18, 1876 (Laws of 1876, *c.* 32), embodied in the foregoing section, it has not been necessary to the validity of a married woman's contract that it should be connected with or relate to property held by her in her own right. The only limitations upon her capacity to make contracts are those contained in the two provisos. *Harris* v. *Webster*, 58 N. H. 481, 483; *Luther* v. *Cote*, 61 N. H. 129.

The purpose of the second proviso of the act of 1876 was to deprive the wife of her common-law capacity to mortgage her estate to secure the payment of her husband's debts (*Babbitt* v. *Morrison*, 58 N. H. 419, *Thompson* v. *Ela*, 58 N. H. 490, *Bank* v. *Berry*, 63 N. H. 109), and to reënact her common law incapacity to assume his contract obligations, or to become a surety or guarantor for their performance. *Stokell* v. *Kimball*, 59 N. H. 13; *Buss* v. *Woodward*, 60 N. H. 58; *Bank* v. *Buzzell*, 60 N. H. 189. The expression " nor any undertaking by her for him or in his behalf " must be construed with the preceding language by which it is limited and explained. It was not intended to preclude the wife · from pledging her credit to save her husband's life, nor to prohibit a wife who has property from providing or contracting for the support of a husband who has none, or from contracting for necessaries for herself and her family, although the duty of supplying them rests by law upon the husband. *Ferren* v. *Moore*, 59 N. H. 106. A contract which operates for the husband's advantage is not necessarily an undertaking for him or in his behalf, within the meaning of the statute.

It does not appear that the plaintiffs were called at the husband's request, or that he assumed any obligation to them. So far as the case shows, it was an independent contract on the part of the defendant, made on her own account, without her husband's solicitation or knowledge. It is not invalid for the mere reason that it was intended for and resulted in benefit to him.

*Judgment for the plaintiffs.*

CLARK, J., did not sit: the others concurred.