JONES *v.* HOLT.

A married woman may bind herself by a promissory note given to the holder of a mortgage, upon personal property bought by her husband, to discharge the lien.

ASSUMPSIT, on a promissory note for $115, payable to the plaintiff or order, and signed by the defendant and one Alanson Bond, who was then her husband. Facts found by a referee. Before the making of the note Bond had bargained for a horse at the price of $115, upon which the plaintiff held a mortgage for $102. The defendant had no interest in the trade or in the horse, but was willing to aid her husband in paying for the animal. After the purchase Bond called with the plaintiff upon the defendant, and she said to the plaintiff, " We have bought a horse of Codman, and I want to borrow $115 to pay for it." She gave the plaintiff to understand that the borrowing of the money was her own undertaking, and he agreed to let her have the money, understanding that she was the borrower, and that he was to have her individual note, and not knowing that she had no interest in the purchase of the horse. The defendant expected her husband would pay the note, but was willing to assume any responsibility necessary to secure the horse to him uncumbered. Bond signed the note without any request from the plaintiff. At the direction of the defendant the plaintiff discharged his mortgage on the horse and paid to Codman $13, being the balance of the purchase-money. The defence was coverture of the defendant, and that she signed the note as surety for her husband.

*J. F. Briggs* and *S. W. Holman,* for the plaintiff.

*B. K. Webber,* for the defendant.

DOE, C. J. As we understand the case, it is found as a fact that the defendant did not sign the note as surety for her husband, and that the debt which she promised to pay was contracted not by him as a principal, but by her. This fact brings the case within the doctrine of *Parsons* v. *McLane*, 64 N. H. 478. The defendant's intention to give her husband a sum of money, or a horse, would not suspend her legal capacity to hire the money or buy the horse.

*Judgment for the plaintiff.*

ALLEN J., did not sit : the others concurred.