PARSONS, *Ex'x, v.* ROLFE & *a.*

Chapter 32, Laws of 1876, deprived a married woman of her common-law
capacity to convey her real estate to pay or secure her husband's debts.
This want of capacity cannot be supplied by estoppel.

WRIT OF ENTRY, on a mortgage. Facts found by the court.

*T. F. Johnson,* for the plaintiff.

*J. I. Parsons,* for the defendants.

CHASE, J. The mortgage was given by Ellen D. Rolfe, a mar-
ried woman, to the plaintiff's testate, December 8, 1877, upon a
tract of land in which she had a life estate in her own right, to
indemnify the mortgagee against loss upon sundry notes and a bond
signed by him as surety for Mrs. Rolfe's husband, at the request
and for the benefit of the husband. The mortgage does not bind
her. Laws 1876, *c.* 32. She was deprived of her common-law
capacity to make such a conveyance (*Babbitt* v. *Morrison,* 58 N. H.
419, *Thompson* v. *Ela,* 58 N. H. 490) by the second proviso of the
act of 1876, that "no contract or conveyance by a married woman as
surety or guarantor for her husband, nor any undertaking by her
for him or in his behalf, shall be binding on her." *Buss* v. *Wood-
ward,* 60 N. H. 58 ; *Parsons* v. *McLane,* 64 N. H. 478, 479. Al-
though a married woman may be estopped by her acts and cove-
nants relating to matters as to which she has capacity to contract,
as if she were unmarried (*Parsons* v. *Little,* 66 N. H. 339), her want
of such capacity cannot be supplied by estoppel. *Penacook Savings
Bank* v. *Sanborn,* 60 N. H. 558. The act of July 10, 1877 (Laws
1877, *c.* 22), explanatory of the act of 1876, was designed to pre-
vent the application of the second proviso in the last named act to
property not held in the wife's own right, such as her rights of
dower and homestead in her husband's property.

*Judgment for the defendant, Mrs. Rolfe.*

SMITH, J., did not sit : the others concurred.