Belknap, }
Dec., 1896. }

## IONA SAVINGS BANK *v.* BOYNTON.

A married woman may bind herself by a promissory note given to obtain money for her husband's use.

ASSUMPSIT, on the promissory note of the defendant, a married woman. Facts found by the court. The note was signed by her at the request of her husband, who told her he needed the money. She signed the note to help her husband in his business, and authorized him to secure its discount and dispose of the proceeds. The defendant's husband applied to the plaintiffs for a loan of $5,000, with sixty shares of the capital stock of the Tilton Hosiery Company as collateral. They declined to make the loan, but told him that if his wife desired to borrow that amount with the same security, the loan would be made. Shortly afterward he brought to the bank the note in suit, with the collateral above named, and received the amount of the plaintiffs. He deposited the avails in the Citizens' National Bank to the credit of the Tilton Hosiery Company, of which he was treasurer. The defendant never met or had any talk with any officer of the bank relative to the loan. Upon the foregoing facts the court found a verdict for the plaintiffs for the amount due on the note, and the defendant excepted.

*William B. Fellows* and *Edward B. S. Sanborn,* for the plaintiffs.

*Walter D. Hardy, Fabius E. Elder,* and *Bingham, Mitchell & Batchellor,* for the defendant.

WALLACE, J. The case discloses that the plaintiffs refused to make the loan to the husband, but did make it to the wife alone upon a note signed by her to which the husband was not a party, and that the hiring of the money by the defendant from the plaintiffs was the independent contract of the wife as principal and not as the surety or guarantor of the husband. The fact that she hired the money with the intention of letting her husband have it to assist him in his business, and did so let him have it, did not impair or suspend her legal capacity to make the contract, or make it an undertaking for him or in his behalf within the meaning of the statute. *Parsons* v. *McLane*, 64 N. H. 478; *Jones* v. *Holt*, 64 N. H. 546; *Wells* v. *Foster*, 64 N. H. 585.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.