Coös,
April 1, 1924.

### White Mountain National Bank v. Mildred G. Noyes.

A loan procured by a married woman to herself, to obtain the means to aid her husband, is not an undertaking by her for him or in his behalf within the meaning of P. S., c. 176, s. 2.

Assumpsit, on two promissory notes. Trial by jury and verdict for the plaintiff. The evidence tends to prove that the defendant's husband applied to the plaintiff for a loan and that they declined to make it, but told him they would loan the money to his wife. He reported the facts to her and she signed the notes in question and authorized him to have them discounted and use the proceeds in his business.

Transferred by *Kivel*, C. J., on the defendant's exception to the denial of her motions for a nonsuit and for a directed verdict.

*Alfred R. Evans* and *Shurtleff & Oakes* (*Mr. Oakes* orally), for the plaintiff.

*Ovide J. Coulombe*, for the defendant.

Young, J. The test to determine whether the court erred in denying the defendant's motion is to inquire whether notes a married woman makes to raise money to aid her husband in his business are "undertaking[s] by her for him or in his behalf" within the meaning of P. S., c. 176, s. 2, for if they are not such undertakings the statute provides that they may be enforced.

It can serve no useful purpose to consider what constitutes such an undertaking, for in this jurisdiction the court holds that an agreement a married woman makes with a third person to enable her to obtain the means to aid her husband is not an undertaking by her for him or in his behalf. *Iona Savings Bank* v. *Boynton*, 69 N. H. 77; *Parsons* v. *McLane*, 64 N. H. 478; *Jones* v. *Holt*, 64 N. H. 546;

*Wells* v. *Foster*, 64 N. H. 585; *Weeks* v. *Abbott*, 62 N. H. 513; *Farnham* v. *Fox*, 62 N. H. 673. As the notes in suit were given for that purpose they can be enforced.

*Exception overruled.*

All concurred.