## FARNHAM & a. v. FOX.

The loan, by a married woman to her husband, of a note and mortgage to pledge as collateral security for his debt to a third person, is not a contract of guaranty or suretyship, nor an undertaking by her in behalf of her husband from which she is exonerated by the exception in Gen. Laws, c. 183, s. 12, limiting a married woman's liability upon her contracts.

If a husband pledges the negotiable securities of his wife as security for any debt or liability of his, and the paper is overdue at the time, the pledgee can hold it against her only to the extent for which she authorized the pledge; and if he has collected the note or security, he must be deemed to hold the proceeds in trust, and she can recover in equity the fund less the amount for which she authorized the pledge.

BILL IN EQUITY, for an accounting and the conveyance of land. The plaintiff Mrs. Farnham loaned to her husband a promissory note and mortgage of hers, then overdue, to pledge as collateral security for his debt of $100 to the defendant. Without the knowledge or consent of his wife, Farnham pledged the note and mortgage to the defendant to secure a debt of $105, and subsequently, without her knowledge or consent, further pledged them to the defendant to indemnify him for signing a sheriff's receipt for property of Farnham's attached on the suit of one of his creditors. The defendant afterwards paid the amount of the judgment recovered in the suit. The defendant had no knowledge or notice that the plaintiff owned the note and mortgage, but in good faith took them understanding they were Farnham's. The defendant foreclosed the mortgage and took possession of the land, and for several years took the rents and profits and paid the taxes. The plaintiff had no notice of the foreclosure at the time. While the note and mortgage were in the hands of the defendant she promised the plaintiff Weeks, administrator, to pay him a debt which she owed his intestate from the fruits of the note when collected. The prayer of the bill is, that the defendant account to the plaintiff for the net profits of the land since he has been in possession, and convey it to her. Weeks is joined as plaintiff with Mrs. Farnham.

*Ladd & Fletcher*, for the plaintiffs.

*Ray, Drew, Jordan & Carpenter*, for the defendant.

ALLEN, J. The plaintiff Mrs. Farnham had no contract with the defendant. She loaned the note and mortgage to her husband to be used by him for a particular purpose, and to pledge to the

defendant to secure her husband's debt to him of an amount expressly limited. 'The statute of 1876 (Laws of 1876, c. 32; G. L., c. 183, s. 12) established the binding character of all contracts of a married woman, with the express exception of contracts and conveyances made as surety or guarantor for her husband, and undertakings by her for him or in his behalf. By the language of the exception the legislature could not have intended to include within its operation contracts made directly with, nor conveyances made directly to, the husband by the wife. To be a "surety or guarantor" for the husband implies a third person, with whom the contract of suretyship or guaranty for the husband's debt, or to whom the conveyance in pledge or mortgage, must be made; and from the context, "an undertaking by her for him or in his behalf" must have been intended to mean an "undertaking" with some one to whom the husband owed a duty. In a certain sense, every contract with or conveyance to the husband by the wife might be said to be "for him or in his behalf." But contracts and conveyances between the husband and wife were not affected by the statute of 1876; and the only reasonable construction that can be given to the exception in the statute exonerating a married woman from her contract made in behalf of her husband is one confining it to contracts with third persons to pay or guarantee the payment of her husband's indebtedness to them, and the performance of his contracts with them.

The loan or bailment of the note and mortgage by the plaintiff to the husband was not her contract with the defendant. She did not know him and he did not know her in the transaction. Whatever contract she had was with her husband. She relied solely on him to perform the condition of using the note and mortgage in pledge to secure the loan of $100 only from the defendant, and to pay the debt and return to her the security. He was not an agent of his wife in the business, but had the note and mortgage from her to use in pledge for his own debt to the defendant. She was not surety nor guarantor for her husband, and she made no conveyance or pledge to the defendant in security for his demand, and the loan of the note and mortgage to her husband was not a contract or conveyance, from the performance of which she was relieved by the statute.

The pledge and transfer of the note and mortgage to the defendant by the plaintiff's husband to secure his debt of $105, and to indemnify the defendant for signing the sheriff's receipt, was not authorized by the plaintiff. The defendant received them for value, without notice of the plaintiff's claim or defect in the husband's title, and in the ordinary course of business. Had he taken them before maturity of the note, or from one who received the note by indorsement before maturity, he might hold them or the proceeds freed from any claim of the plaintiff to the extent of any indebtedness for which they were pledged. *Tucker* v. *Savings*

*Bank*, 58 N. H. 83, 85. The defendant took the note dishonored, it having been indorsed and delivered to the plaintiff after it became due. Taking the note dishonored, he took it subject to any claims or defences existing while it was in the hands of a prior holder, and he was put on inquiry as to any such defences and equities in favor of a prior holder, and as to any want or defect of title in the person from whom he received it. He took no greater or better title than the plaintiff's husband had. To have acquired a better title he must have become possessed of it before it was overdue, or received it from one who became a *bona fide* holder for value before it was due. 1 Dan. Neg., *ss.* 724, 782; 2 Pars. Notes and Bills 279, notes and cases cited; *Emerson* v. *Crocker*, 5 N. H. 159; *Odiorne* v. *Woodman*, 39 N. H. 543; *Hill* v. *Huntress*, 43 N. H. 485. The dishonor of the note did not prevent a transfer, and in the hands of the defendant it was good against every person not having a better title. He could collect it in his own name of the maker, who had no defence to the note, but would hold the fund collected in trust and be liable for it to any previous holder having a better title to the note.

The defendant is entitled to hold the note and mortgage or their proceeds, which is the land recovered by a foreclosure of the mortgage, to the extent that the husband was authorized by the plaintiff to pledge them, which was to secure the loan to the husband of $100, and to no greater extent. He can retain from the net profits of the land, received since he has been in possession, enough to satisfy the unpaid balance of the $100, for which the note and mortgage were authorized to be pledged. The remainder of the net profits will be paid to the plaintiff, and the defendant will convey, by quitclaim deed and surrender, the land to the plaintiff Mrs. Farnham. The plaintiff Weeks takes an interest in the recovery equal to the amount due him as administrator.

*Decree accordingly.*

SMITH, J., did not sit: the others concurred.