Sullivan, }
Dec., 1898. }

### FIRST NATIONAL BANK OF NEWPORT v. HUNTON.

Where money obtained upon the promissory note of a married woman has been used by her to discharge an obligation of the husband to the payee, the test of her liability is whether the payment of the husband's debt was part of her contract with the lender ; and a mere intention so to use the proceeds of her loan is not sufficient to defeat a recovery against her.

ASSUMPSIT, on a promissory note. The plaintiffs' evidence tended to show that the consideration for the note was a loan by them to the defendant of $1,500 ; that they expected she would use the money to take up a note of like amount given by a firm of which her husband was a member and held by the plaintiffs, but that she could use the money for this purpose or not, as she chose. The defendant's evidence tended to show that the money was loaned upon condition that she should use it to take up the husband's note.

The plaintiffs excepted to the refusal to direct a verdict in their favor, and also to the following instruction to the jury : " If she signed a note to take up a note of her husband's, that would be an undertaking for her husband, and the plaintiffs cannot recover ; and for the purpose of this case it would not make any difference whether the outstanding note was her husband's, or the note of a firm of which he was a member. Before there can be a contract there must be a time when the minds of the parties meet. If there was an agreement that the note of the defendant was to be used to take up the note of her husband, it was not a loan, but an assumption by her of the contract obligation of her husband, and the plaintiffs cannot recover."

The jury were also instructed as follows : " Under the common law, a married woman was incapable of making contracts; but now a married woman may make any contract that any one else can, except that she cannot be surety or guarantor for her husband, or enter into an undertaking in his behalf. She may borrow money intending to give it to her husband, or use it to pay his debts, and a note given by her for money borrowed for either purpose can be recovered."

*George R. Brown, Albert S. Wait,* and *Hosea W. Parker,* for the plaintiffs.

*Ira Colby & Son,* for the defendant.

PEASLEE, J.   " No contract or conveyance by a married woman, as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her." P. S., *c.* 176, *s.* 2.   " The only reasonable construction that can be given to the exception in the statute, exonerating a married woman from her contract made in behalf of her husband, is one confining it to contracts with third persons to pay or guarantee the payment of her husband's indebtedness to them, and the performance of his contracts with them." *Farnham* v. *Fox,* 62 N. H. 673, 674.   One purpose of the statute was " to re-enact her common-law incapacity to assume his contract obligations, or become a surety or guarantor for their performance." *Parsons* v. *McLane,* 64 N. H. 478, 479.   On the other hand, " her alterable intention to give him the money did not suspend her legal capacity to hire it." *Wells* v. *Foster,* 64 N. H. 585, 590. If she hired the money without any agreement that it should be applied to take up the husband's note, she was liable.   Her intention to use it for that purpose would not be a part of her contract, and would have no effect upon its validity.   But if, as a part of the agreement to make a loan to her, it was stipulated that the money should go to pay his debt to the lenders, it would be " a contract with third persons to pay . . . her husband's indebtedness to them," and void under the statute which re-enacted " her common-law incapacity to assume his contract obligations."

If the plaintiffs' version of the contract was true, the defendant was liable ; while, if her version was the correct one, she was not liable.   The decision of the case depended upon the determination of a disputed question of fact, and the motion to direct a verdict was properly denied.

The instructions excepted to state the law applicable to the defendant's version of the facts.   To return a verdict for the defendant under these instructions, the jury must find that the

minds of the parties met upon the proposition that the proceeds of her note were to be applied to the husband's note.    The other instructions reported state the law applicable to the plaintiffs' evidence.    If the jury had found that she borrowed the money, not to take up the husband's note but only with the intention to use it to pay the note, they would have returned a verdict for the plaintiffs.

The test of liability was whether the taking up or payment of the husband's note was a part of her contract with the lenders. The jury were properly instructed that nothing was a part of the contract except such things as the minds of the parties met and agreed upon, and that the defendant's mere intention to use the proceeds of her loan to pay her husband's debt would not defeat a recovery.    The charge is not reported in full, and it is presumed that the jury were fully and correctly instructed as to matters not made a part of the reserved case.

*Exceptions overruled.*

YOUNG, J., did not sit: CHASE, J., dissented from the decision that the instructions were correct: the others concurred.